## LUMBERMEN'S RECIPROCAL ASS'N v. WARREN. (No. 1181.)

(Court of Civil Appeals of Texas. Beaumont.
May 8, 1925. Rehearing Denied
May 20, 1925.)

**1. Trial ⬤═263—Time allowed counsel for preparation of charges, exceptions, and issues not "reasonable time."**

Where trial consumed 3 days, and statement of facts consisted of 79 pages and charge of 4 pages, submitting 10 issues, with definitions of terms used, allowance by court of two hours as extreme limit for counsel to prepare charges, exceptions, and issues *held* not reasonable time, within meaning of Vernon's Sayles' Ann. Civ. St. 1914, art. 1970.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reasonable Time.]

**2. Appeal and error ⬤═237(1), 263(1)—Refusal of court to allow reasonable time for preparation of charges and exceptions not reviewed, in absence of proper request for extension and exception.**

Where counsel were permitted to retire to prepare charges, exceptions, and special issues, and failed to return to court when summoned, whereupon court submitted case in their absence, reasonableness of time granted as required by Vernon's Sayles' Ann. Civ St. 1914, art. 1970, could not be reviewed, in absence of request for extension of time, and exception to ruling refusing it.

**3. Master and servant ⬤═417(3¼)—Award for indefinite period held "final order" and appealable.**

In view of Vernon's Ann. Civ. St. Supp. 1918, art. 5246—25, providing that Industrial Accident Board may on certain conditions review award during compensation period, an award granting compensation for indefinite period during total disability, being only award Board had authority to make, *held* a final order and appealable under article 5246—44.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Order.]

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Proceeding under the Workmen's Compensation Act by R. N. Warren for injuries, opposed by the Lumbermen's Reciprocal Association, insurer. From a judgment of the circuit court awarding a lump sum settlement, which had been denied by the Industrial Accident Board, insurer appeals. Affirmed.

Fairchild & Redditt, of Lufkin, for appellant.

Collins & Collins, of Lufkin, for appellee.

WALKER, J. This is an appeal from a judgment of the district court of Angelina county awarding appellee a lump sum set-tlement under our Workmen's Compensation Act. No question of liability was urged, but the sole issue was as to appellee's right to a lump sum settlement. Appellant defended on the theory that it was liable as long as appellee suffered a total disability, but urged that the injuries were not permanent, and a lump sum settlement would deprive it of the right of adjustment in the future. The trial was to a jury, and the case was submitted on special issues.

[1] As we understand the record, possibly three days were consumed in the trial of the case. The statement of facts consists of seventy-nine pages, the charge of four pages, submitting ten issues, with definitions of the terms used. At the conclusion of the evidence, counsel for appellee presented to the court a written charge submitting the case on special issues. This was handed by the court to counsel for appellant, with the statement that it was to be considered as the court's charge and for their examination and criticism. Appellant's counsel then retired to their office for the purpose of preparing their exceptions, special charges, and special issues. After reading over the court's charge, leading counsel for appellant returned to the courthouse to discuss certain features of the charge with the court, but the court would not accept his verbal criticism. He then informed the court that it would require about two hours' time to complete his exceptions and preparation of special charges and issues. Counsel then returned to his office, and with his partner began the preparation of their exceptions, etc. Within the next hour the court had the sheriff's office phone counsel three times to make haste in the preparation of their exceptions. The third time the sheriff told counsel that the court would allow them only ten minutes more time when the case would be submitted to the jury. Counsel replied to the sheriff that they could not finish their exceptions, charges, and issues within that time, but would return to the court when they finished the same. Some issue was made as to what was, in fact, said, or rather the meaning of what was said. From the report made to the court, the trial judge inferred that counsel meant to be disrespectful to him; that they refused to obey his request, and had sent word that they would come into court when they got ready. Counsel for appellant testified that they meant nothing of the kind, but intended to inform the sheriff that they would return when they were ready with their papers and were prepared to proceed, that is, after they had finished their charges, exceptions, and issues. Anyway, they failed to return within the time fixed by the court. Thereupon the court called in the jury, read to them the charge as submitted to counsel for appellant, re-

fused to permit appellee's counsel, who were in court, to make an argument, and ordered the jury to retire and consider their verdict. About fifteen minutes afterward, counsel for appellant returned into court with their charges, exceptions, and issues, and then for the first time were advised that the court had submitted the case to the jury in their absence. The evidence shows conclusively that counsel were diligent to the utmost of their ability in the preparation of their exceptions, etc., and that it was not possible for them to complete their work within the time allowed them by the court.

We agree with appellant that the two hours' time, that being the extreme limit of time allowed by the court in which to prepare its charges, exceptions, and issues, was not a "reasonable time" within the meaning of article 1970, Vernon's Sayles' Ann. Civ. St. 1914, which is as follows:

"In all civil cases the judge shall, unless the same be expressly waived by the parties to the suit, prepare and in open court, deliver a written charge to the jury on the law of the case, or submit issues of fact to the jury if said cause is submitted to the jury on special issue of fact at the time, in the manner and subject to the restrictions hereafter provided, provided that failure of the court to give reasonable time to the parties or their attorneys for examination of the charge shall be reviewable upon appeal upon proper exception."

Under the provisions of this article, counsel must be allowed sufficient time in which to read carefully and analyze fully the court's charge. They must have time to prepare such exceptions as in their judgment will point out the errors, if any, in the charge submitted to them by the court. It requires some time to review the evidence and prepare such issues as the court may have overlooked in its charge. The preparation of special charges should be done with care. Often authorities should be referred to and definitions adopted which have been approved by the courts. The legal propositions involved in the charges must be related to the particular facts of the case. On the showing made by appellant, its counsel did not, in fact, have sufficient time to perform the duties required of them by law. As we have already said, this appears conclusively as a fact issue, since counsel were diligent all the time they were in their office, but as a general proposition, considering the magnitude of this case, the amount involved, the issues raised by the evidence, and the extent of the evidence adduced before the jury, two hours was not a "reasonable time" within the meaning of article 1970, quoted supra.

[2] But appellant is not before us on a "proper exception" within the meaning of that article. The trial of a case must proceed under the direction of the trial judge. It may be adjourned from time to time as he orders, but it must be resumed on his orders. When counsel are permitted to retire from the courtroom, they must return at their peril when summoned by the court. It would not do to say that counsel may retire with the court's permission and then delay the court at their pleasure and refuse to obey a summons from him to return to court. In this case, when the court summoned counsel for appellant, and advised them to return to court, and that he would proceed with the case at the expiration of ten minutes, they rested under the duty of obeying that summons and, if not ready to proceed, then to submit their situation to the court, ask for an extension of time, and, if refused, reserve their exception to his ruling. Had counsel done this, they could have submitted to the court for consideration and review most of their charges, exceptions, and issues, since it was made to appear that all of them were completed within about fifteen minutes after the expiration of the time allowed under the court's order. Also, had they obeyed the summons of the court, they would have had the privilege of submitting an argument to the jury before they retired to consider their verdict. We think this is what was meant by the Legislature in providing that the court's refusal to allow a "reasonable time" could be reviewed only upon a "proper exception."

[3] Appellee was denied a lump settlement by the Industrial Accident Board, who, in granting him an award, provided:

"The Board further finds that, in consequence of said injuries, the said R. N. Warren suffered total incapacity for the performance of labor from September 8, 1923, down to this date, and will continue to suffer said total incapacity for an indefinite period in the future, and he is therefore entitled to recover and be paid compensation herein at the rate of $10.38 per week, beginning on September 16, 1923, and continuing thereafter down to and including this date, and to continue for an indefinite period in the future and until and unless altered, changed, modified, or terminated by subsequent agreement between the parties, in accordance with the terms and provisions of the employer's liability act, and subject to the approval of the Industrial Accident Board, or until and unless altered, changed, modified, or terminated by subsequent order, award, judgment, or decree of the Industrial Accident Board, but in no event to continue for a longer period than 401 weeks from and after September 8, 1923."

Article 5246—44 of Vernon's Ann. Civ. St. Supp. 1918, provides that an appeal may be prosecuted only from a final ruling or order. Appellant contends that the order in this case was not final, but a continuing order. This criticism is without merit. Under the provisions of the Act (article 5246—25) it is provided that the Board may on certain conditions review its award at any time during the compensation period. It follows from

this article that the Board has no authority to make any award on facts similar to the facts of this case other than was in fact made.

No other errors being assigned, it is our order that the judgment of the trial court be and the same is hereby in all things affirmed.