1074

## SOUTHERN CASUALTY CO. v. POSEY.
### No. 5864.

Circuit Court of Appeals, Fifth Circuit.
March 24, 1931.

Neal Powers, of Wichita Falls, Tex. (Weeks, Morrow, Francis & Hankerson, of Wichita Falls, Tex., on the brief), for appellant.

Robert Carswell, of Wichita Falls, Tex., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

BRYAN, Circuit Judge.

This is an appeal from a judgment in favor of an employee against the insurer of his employer, under the Workmen's Compensation Act of Texas, Revised Civil Statutes, arts. 8306–8309. The only question raised by the insurer is that the court was without jurisdiction, because the Industrial Accident Board had not made a final ruling on the employee's application for a lump-sum settlement or for a reduction of periods of payment and a corresponding increase in the rate of payment. The act requires that any dispute as to compensation be first submitted to the Industrial Accident Board, and authorizes an appeal to the courts only after a final ruling of that board. While the employee's application was pending before it, the board ordered that the hearing thereon, the date for which had been fixed, be "cancelled for the present or until the claimant reaches maximum recovery or the Insurance Company prematurely suspends compensation payments."

In Southern Casualty Co. v. Todd (Tex. Com. App.) 29 S.W.(2d) 973, 974, decided since this appeal was taken, an order made by the Industrial Accident Board declining to "set the case for hearing at this time" was held by the Supreme Court of Texas to constitute such a final ruling as to authorize suit. In that case Jones v. Texas Indemnity Ins. Co. (Tex. Civ. App.) 15 S.W.(2d) 1077, taking the opposite view, was disapproved. The orders of the Industrial Accident Board in the Todd Case and in this case are in effect the same. We accept the construction placed upon the provision of the Act in question by the Supreme Court of Texas.

The judgment is affirmed.