TEXAS EMPLOYERS INSURANCE ASSOCIATION V.
THOMAS SHACKELFORD.

No. 7954. Decided July 22, 1942.
Rehearing overruled October 21, 1942.
(164 S. W., 2d Series, 657.)

Caves, Waldrop & Shaw, of Henderson, Ramey, Calhoun, Marsh & Sheehy and Joe W. Sheehy, all of Tyler, for petitioner.

It was error for the trial court to refuse to sustain defendant's plea in abatement and it was error for the Court of Civil Appeals to so hold. Talley v. Texas Emp. Ins. Assn., 102 S. W. (2d) 180; Southern Underwriters v. Boswell, 138 Texas 255, 158 S. W. (2d) 280; Traders & Gen. Ins. Co. v. Snow, 114 S. W. (2d) 682.

W. L. Oliphant, of Dallas, for respondent.

The action of the Industrial Accident Board amounted to a final award and the trial court had jurisdiction to hear and determine the case. Texas Emp. Ins. Assn. v. Neatherlin, 48 S. W. (2d) 967; Southern Casualty Co. v. Todd, 29 S. W. (2d) 973; Texas Emp. Ins. Assn. v. Marsden, 57 S. W. (2d) 901.

MR. JUSTICE CRITZ delivered the opinion of the Court.

By instrument in writing, dated September 2, 1939, Thomas Shackelford, hereinafter designated the claimant, made claim before the Industrial Accident Board of this State for compensation on account of injuries that he claimed to have received in the course of his employment as an employee of Beckman, Inc., in Rusk County, Texas. It is stated in the claim filed with the Board that claimant's injuries consisted of injuries to his back and sides, and a double hernia. The claim also states: "This claim is for total and permanent disability." Texas Employers' Insurance Association was Beckman's compensation insurance carrier at the time claimant claims to have been injured.

The above claim was duly heard by the Board, and on October 16, 1939, the Board entered an order directing that

claimant submit himself to an operation for hernia. This order is in the usual form where the Board finds the injury is a hernia and directs an operation. We quote from said order the following, which is the last paragraph thereof:

"If either party fails or refuses to comply with this award, upon notification of this fact said claim will be set and heard upon its merits and further award entered by said Board."

On October 21, 1939, some five days after the entry of the above order, this insurance association tendered to claimant an operation for hernia at its expense, all in accordance with the above order of the Board.

On October 27, 1939, claimant, through his attorney, gave notice of dissatisfaction with the above order and of his intention not to abide by the same.

On October 30, 1939, the Board, by letter, notified both the claimant and the insurance association that claimant's claim before the Board had been set for rehearing on November 7, 1939. We here quote the order just mentioned.

"This is to notify you that the above styled case has been set for hearing before the Board in Austin, Texas, for Tuesday November 7th, 1939. The case is set first, on the question of review, and second, if it is decided to go behind previous award and re-open the claim, then the case on its merits, to hear evidence, to determine the liability of the insurance company, and if liable, the degree of incapacity or disability to the claimant and all questions before the Board incident to the main issues on which the case is set, including a reduction on the period with a corresponding increase in the rate, hospital, doctors', nurses', bills and drug bills, and to fix an appropriate award in keeping with all the facts in the case.

"If you (and this refers to all parties) know of any outstanding accounts in this case, such as doctors', hospitals', drug and nurses' bills, please have itemized statements filed before the date of hearing, showing all services and the charge and date of each. Services must be given separately."

On November 3, 1939, claimant filed suit in the District Court of Rusk County, Texas. This suit was filed as a statutory

appeal from the Board's order of October 16, 1939, above described.

In due time the insurance association filed its plea in abatement to the above suit. In such plea it was pointed out to the district court that it had no jurisdiction to try the case then pending before it because the order of the Board, of date October 16, 1939, attempted to be appealed from was not a final decision or award from which an appeal would lie. On May 6, 1940, the district court heard and overruled the plea in abatement just mentioned.

On November 17, 1939, counsel for claimant wrote the Board the following letter:

"This acknowledges receipt of a copy of a letter written by the Board of the Texas Employers' Insurance Association, stating that the above styled claim was being cancelled from the Board's docket of set cases, because the Board was in receipt of information that suit had been filed in the District Court.

"In view of the fact that our claim was based on other injuries in addition to the hernia, and in view of the further fact that the Board's award entered on October 16, 1939, may have by inference denied the claim other than the claim for hernia, there was some question in our minds as to whether this was a final award. Not desiring to waive our claim for a general injury and fearing that another award would not be made within the time allowed for an appeal from the October 16th award, we filed suit in the District Court of Rusk County.

"In order that all questions in this case may be adjudicated at one time, and to avoid the necessity of determining whether the Board's award of October 16 is a final award, we should like to have the Board re-set this case for hearing and enter another award. If such award should be satisfactory to both parties, our suit in District Court would then be dismissed. If such award should be appealed from, the suits in District Court can be consolidated, and thus avoid unnecessary litigation.

"Will you please re-set the case for hearing and make another award in the case."

In response to the above letter the Board caused its secretary to write the attorneys for claimant the following letter:

"In answer to your letter of November 17, 1939, in which you request the Board to set this case for hearing on review, we advise you that the writer has discussed this matter with the Board, and the Board has instructed me to inform you that it feels that it has no jurisdiction over this claim so long as suit is pending in District Court.

"If you wish the Board to set this case for hearing on review, it will be necessary that you dismiss the suit in District Court."

On December 5, 1939, the Board wrote claimant's attorneys the following letter:

"We are in receipt of your favor of the 4th inst., and in reply thereto beg to advise you that it was the Board's intention, by its award of October 16th, 1939, in the above styled and numbered cause, to deny all claim for compensation in said claim, except the claim for hernia.

"We decline to make a further award with respect to the hernia claim, because suit has heretofore been filed in the District Court by the claimant."

Claimant's attorneys treated the letter just above quoted as a final award of the Board. This is evident because on December 8, 1939, such attorneys wrote a letter to the Board advising it and all interested parties that claimant was not satisfied with the final ruling and decision of the Board, and would, within twenty days, file suit in a court of competent jurisdiction to set such final ruling or decision aside.

On December 15, 1939, claimant filed a second suit in the same court in which he had filed his first suit. This second suit was filed as an appeal from the letter of the Board of date December 5, 1939. Simply stated, the letter was treated as a final award of the Board, and this second suit was filed as a statutory appeal therefrom.

In due time the insurance association filed plea in abatement to this second suit. This plea contended that the suit should be abated because the Board had made no final award. It was contended by the insurance association that the letter did not constitute a final award of the Board.

On May 6, 1940, the District Court heard the plea in abatement filed by the insurance association to claimant's second suit, and overruled the same. On the same day the District Court entered an order consolidating the two suits above mentioned.

After the consolidation of the above two suits claimant filed an amended petition in which he sought to appeal from the order of the Board of October 16, 1939, and the purported award of the Board, as represented by its letter of December 5, 1939.

As already shown in his claim filed with the Board, claimant inisted that his claim consisted of a double hernia together with injuries to his back and sides. Also, in such claim claimant claimed he had been permanently and totally dsabled.

In his petition in the District Court claimant alleged that he had been injured in the back and sides, and that such injuries had rendered him incapable of performing the usual tasks of a workman. These allegations were followed by allegations that claimant had received a double hernia, with a further allegation that such hernia appeared suddenly, and immediately following his injuries, and that such hernia was accompanied by pain. In his prayer claimant sought compensation for total, permanent disability for 401 weeks, or, in the alternative, for such compensation and further relief as the facts entitled him to under the law.

When this case was heard on its merits in the district court, and at the close of claimant's evidence, the insurance association filed motion to dismiss for want of jurisdiction, asserting that neither the order of the Board of date October 16, 1939, supra, nor the letter of the Board of date December 5, 1939, supra, constituted a final ruling, decision, or award from which an appeal to court would lie. This motion was overruled, and the insurance association duly excepted. A like motion to the one just mentioned was presented by the insurance association at the close of all of the evidence. This motion was also overruled, and exception duly taken. We mention these matters to show that the insurance association preserved its pleas in abatement in every conceivable way. It is our opinion, however, that the presentations of the original pleas in abatement were sufficient.

This case was finally tried in the district court, where it was submitted to a jury on special issues. In response to such issues, the jury in effect found that claimant was entitled to compensation as for a general injury for total incapacity for 200 weeks. The jury also found the wage rate. Judgment was entered in accordance with the verdict. On appeal to the Court of Civil Appeals by the insurance association, the judgment of the district court was affirmed. 158 S. W. (2d) 572. The insurance association brings error.

The opinion of the Court of Civil Appeals in effect holds that the trial court did not err in refusing to dismiss this case for want of jurisdiction. By proper points of error the insurance association presents such ruling for review in this Court.

■ Our Workmen's Compensation Law requires that where an employee covered thereby claims compensation for injuries received in the course of employment, he shall make a claim to the Board. Article 8307, Section 4a, R. C. S. 1925. Generally speaking, when a claim for compensation is made to the Board it has exclusive original jurisdiction to try and determine all questions pertaining thereto. Any interested party may appeal from an award of the Board to a court of competent jurisdiction, but such appeal can only be taken from the *"final ruling and decision"* of the Board. An interlocutory ruling or decision, made in a case pending before the Board, cannot be appealed from. Simply stated, an appeal from the Board to a court will not lie until the Board has finally disposed of the claim or case as a whole; and this means that the entire claim or case shall be disposed of by final order or award. Article 8307, Section 5, R. C. S. 1925; Talley v. Texas Employers' Ins. Assn. (Com. App.), 48 S. W. (2d) 988; Talley v. Texas Employers' Ins. Assn., 129 Texas 134, 102 S. W. (2d) 180; Petroleum Casualty Co. v. Webb, 127 Texas 91, 92 S. W. (2d) 236; Texas Employers' Ins. Assn. v. Marsden, 127 Texas 84, 92 S. W. (2d) 237.

■ In the case at bar the claimant filed his claim for compensation in writing. The claim as filed certainly invoked the jurisdiction of the Board to award claimant compensation either for a general injury or for the specific injury of hernia. In this connection, we have already shown that the claimant's written claim filed with the Board asserted that he had received injuries general in nature, as well as the injury of hernia,—

which is classed by law as specific. In response to this claim the Board did nothing more than order claimant to submit himself for an operation for hernia. The order then directed the procedure as provided by Workmen's Compensation Law in such cases. Article 8306, Section 12b. It is settled that such an order is purely interlocutory, and not appealable. (See the cases last above cited.)

As we understand their brief and argument, counsel for claimant contend that the claim before the Board was for compensation for a general injury; and that the order for the hernia operation amounted to a final order denying such claim. We cannot sustain this contention. The claim filed with the Board was clearly sufficient to invoke its jurisdiction to award claimant compensation either for the general or specific injury. The Board had before it the whole matter of claimant's injuries, as well as what compensation he was entitled to. The Board ordered an operation for hernia. Under the statute such an order is purely interlocutory. This must be true because the statute fully provides and defines the procedure in hernia cases. Article 8306, Section 12b, subdivision 4, R. C. S.; National Mutual Casualty Co. v. Lowery, 136 Texas 188, 148 S. W. (2d) 1089; Talley v. Texas Employers' Ins. Assn., 129 Texas 134, 102 S. W. (2d) 180. The statute just mentioned was not followed in this instance, and no final order was ever entered by the Board.

It is contended that the letter of the Board of date December 5, 1939, is a final order or ruling of the Board. An examination of the letter will disclose that it is no order at all. It simply states that the Board intended by its order of September 16, 1939, to deny all claim for compensation, except the claim for hernia. It then specifically states that the Board declines to make any further order, because of the pendency of the suit.

Finally, we wish to say that claimant's very petition in this case invoked the jurisdiction of the district court to award him compensation for the specific injury of hernia. This is evident from the portion of his petition relatng to the specific injury of hernia, which we have already mentioned.

It is evident from what we have said that this case is still pending before the Industrial Accident Board, undisposed of.

It will be necessary for the Board to make its final ruling and award before a court can take jurisdiction.

The judgment of the district court and Court of Civil Appeals are both reversed, and this cause is dismissed.

Opinion delivered July 22, 1942.

Rehearing overruled October 21, 1942.