## HAWTHORNE v. ANCHOR CASUALTY CO.

### Civ. No. 63.

District Court, S. D. Texas,
Victoria Division.

Dec. 30, 1943.

Phillips & Anderson and Warren B. Phillips, all of Corpus Christi, Tex., for plaintiff.

Larry W. Morris, of Houston, Tex., for defendant.

KENNERLY, District Judge.

On November 29, 1943, this case was dismissed on motion of defendant for want of jurisdiction. This is a hearing of plaintiff's motion for new trial and to reinstate.

The case, which involves more than $3,000, exclusive of interest and costs, arises under the Texas Workmen's Compensation Law, Articles 8306 to 8309a, Vernon's Ann. Civil Statutes of Texas. The W. R. Drilling Company is the employer, plaintiff, a citizen of Texas, is the employee, and defendant, a citizen of Minnesota, is

the insurer, and it is claimed that plaintiff received an injury in the course of his employment on or about September 24, 1942, at Edna, Texas, in this District and Division, for which he claims and sues for compensation under such Law. The case was originally filed in the Corpus Christi Division, but transferred to this, the Victoria Division.

1. In defendant's motion to dismiss for want of jurisdiction, it is contended that because the injury occurred in this Division and this suit was originally filed in the Corpus Christi Division, this court is without jurisdiction. This presents the same questions presented in Birdwell v. Indemnity Ins. Co., D.C., 48 F.Supp. 950. For the reasons stated there, I think that such contention is not meritorious. See, also, Castellano v. Indemnity Ins. Co., 52 F.Supp. 941, and Federal Underwriters Exchange v. Pugh, Tex.Sup., 174 S.W.2d 598.

2. Defendant also contends that notice was not given and this suit was not filed within the time fixed by law after final ruling of the Industrial Accident Board,[1] and that this court is for that reason, without jurisdiction.

The record does not show on what date plaintiff's claim was first filed with the Industrial Accident Board, except that in his complaint herein, he alleges that it was duly docketed and filed by such Board, i.e., within the time fixed by Law, Article 8307, Section 4a. But the record shows that on May 19, 1943, plaintiff filed with such Board what he calls his "Petition for Lump Sum," praying that such petition be set for hearing, and that at the hearing, he have an award for "total permanent incapacity payable in cash and allowing to the defendant the discount provided by law." He later filed documents, letters, etc., showing the treatment plaintiff had received, his physical condition, and that he had reached "his maximum recovery."[2] On the

[1] Article 8307, Section 5, provides: "Sec. 5. All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided. Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provision of this law and the suit of the injured employee or person suing on account of the death of such employee shall be against the association if the employer of such injured or deceased employee at the time of such injury or death was a subscriber as defined in this law. If the final order of the Board against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the Court shall in either event determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation. The Industrial Accident Board shall furnish any interested party in said claim pending in Court upon request free of charge, with a certified copy of the notice of the employer becoming a subscriber filed with the Board and the same when properly certified to shall be admissible in evidence in any Court in this State upon trial of such claim therein pending and shall be prima facie proof of all facts stated in such notice in the trial of said cause unless same is denied under oath by the opposing party therein. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this law. If any party to any such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto, and, if the same is against the association, it shall at once comply with such final ruling and decision, and failing to do so the Board shall certify the fact to the Commissioner of Insurance and such certificate shall be sufficient cause to justify said Commissioner to revoke or forfeit the license or permit of such association to do business in Texas."

[2] Letter of plaintiff's attorney, dated May 21, 1943, is as follows:
"Phillips & Anderson—Lawyers—211 Furman Building—Phone 9272
"Corpus Christi, Texas—Warren B. Phillips, Howard Anderson

record thus presented, the Board ruled as shown by its letter of May 29, 1943, as follows:

"May 29, 1943.

C-2888

"In re: H. E. Hawthorne vs W. R. Drilling Company

"Claim Number: 572373

"Phillips & Anderson, Attorneys

"211 Furman Building

"Corpus Christi, Texas

"Gentlemen:

"In view of the nature of this claimant's injury, the Board will insist that the insurance company pay weekly compensation, rather than set this case for hearing at this time.

"Very truly yours,

"Industrial Accident Board

"Secretary

"MFF:mgr

"cc Anchor Casualty Company

"436 Bankers Mortgage Building

"Houston, Texas."

Plaintiff did not then give notice nor file suit as required by Article 8307, Section 5, but on June 18, 1943, renewed his application to the Board for a hearing of his claim.[3] It is clear that under Article

---

"May 21, 1943. Tyler Office—508 Blackstone Building Phone 2868

"Tyler, Texas.

"Industrial Accident Board,

"Austin, Texas.

"Gentlemen: C-2888 H. E. Hawthorne vs W. R. Drilling Company.

"Your letter of the 20th at hand and thank you for the same. I neglected to send you the doctors report and the same is sent herewith.

"You will note that Doctor Thomas examined this man and reported under date of March 15th, and he examined him again and made another report under date of May 14th, in which he certified this man has reached his maximum recovery and that he is totally and permanently disabled.

"The neglect is entirely mine, and I regret it very much that I did not send these papers with the petition.

"Respectfully,

"Warren B. Phillips

"WBP/hs.

"Enclosure."

Dr. Thomas' letter, dated May 14, 1943, is as follows:

"John R. Thomas, B.S., M.D.—801—2 Medical—Professional Building—Corpus Christi, Texas, May 14, 1943.

"Mr. Warren B. Phillips, Corpus Christi, Texas.

"Dear Mr. Phillips: I have just checked Mr. H. E. Hawthorne whom I first examined on March 16, 1943, and made a report of his general condition. I am of the opinion at this time that Mr. Hawthorne has reached his maximum recovery and that he is totally and permanently disabled so far as hard labor is concerned.

"Very respectfully,

"John R. Thomas, M.D.

"JRT:ph."

[3] His application which is by letter of his Attorney, dated June 18, 1943, is as follows:

"Phillips & Anderson, Lawyers, 634 Nixon Bldg. Phone 9272.

"Warren B. Phillips—Howard Anderson. Tyler Office: 508 Blackstone Building, Phone 2868, Tyler, Texas.

"Corpus Christi, Texas, June 18, 1943.

"Industrial Accident Board,

"Austin 14, Texas.

"Re:C-2888, H. E. Hawthorne vs W. R. Drilling Co.

"Gentlemen: The Insurance Company contends that this is a case of specific injury and limited to 125 weeks for which it is willing to pay compensation.

"The claimant contends that the case is one of general injury, and total permanent incapacity. We think we can win a total permanent. As we have previously set out in a petition for a lump sum, Mr. Hawthorne is a sober man with considerable business experience. If he takes his compensation by the week he would live it up and have nothing to show for it.

"We are entitled to a setting and we want to insist on the case being set for hearing in order that all matters may be presented to and heard by the Board. No treatment is being furnished and the man has long since reached his maximum recovery.

"It is our firms policy, and has been for several years to make no charge for attorneys fee on such amounts as are not disputed, for instance, in this case there is no dispute as to the 125 weeks, and if we try this case and win it we would only charge a fee on the amount recovered above 125 weeks. If we try the case and do not win anything but the 125 weeks, we make no charge whatever.

"At this time the claimant has been paid a very substantial portion of what the Company —— (not legible on account of Stamp of Industrial Accident Board) is due him. Compensation has been paid in —— (not legible on account of Stamp of Industrial Accident

.8309a,[4] when construed in connection with Article 8306, Section 12d,[5] Plaintiff could lawfully so renew his application to the Board for a hearing of his claim. In accordance with such renewed application for a hearing, the Board again examined the matter, and on June 22, 1943, again ruled. The ruling is as follows:

"Postal Zone 14, June 22, 1943.
"C–2888 In re: H. E. Hawthorne v. W. R. Drilling Company.
"Claim Number: 572373
"Phillips & Anderson, Attorneys, 634 Nixon Building
"Corpus Christi, Texas.
"Gentlemen:
"We have your letter of June 18, 1943. Our position in this case was expressed in our letter of May 29, 1943.
"Very truly yours,
"Industrial Accident Board
"Secretary
"MFF:mgr
"cc Anchor Casualty Company
"436 Bankers Mortgage Building
"Houston, Texas."

The fact that the Board referred to its former ruling of May 29, 1943, does not prevent this being another and independent ruling, from which plaintiff was entitled to give notice and appeal to the courts under Article 8307, Section 5. He gave the notice and filed this suit.

But at the date of such ruling, as was true at the date of the ruling of May 29, 1943, plaintiff was being paid compensation. And while he was not then being furnished hospitalization and medical treatment, he had previously been furnishd such treatment until he "reached his maximum recovery." Article 8309a, Vernon's Civil Statutes of Texas, Southern Casualty Co. v. Todd, Tex.Com.App., 29 S.W.2d 973, 974; Southern Casualty Co. v. Posey, 5 Cir., 47 F.2d 1074; Munmon v. Traders & General Ins. Co., Tex.Civ.App., 170 S.W.2d 262. I construe Article 8309a to mean that since plaintiff was being paid compensation and since hospitalization and medical treatment had been furnished plaintiff until he reached his "maximum recovery," and neither was longer necessary, the Board could lawfully, within its discretion, delay or postpone the hearing of his claim the same as if he was then being furnished hospitalization and medical treatment.

[4] From what has been said, it follows that this case was properly dismissed for want of jurisdiction, and plaintiff's motion for new trial and to reinstate should be overruled. Same to be, however, without prejudice in any way to plaintiff's right to proceed under the law before the Industrial Accident Board, where the matter of his compensation is still pending.

---

Board) already for about 38 weeks, and the amount due the claimant will gradually decrease.

"We do not ask for any setting unless we believe we are entitled to the same, and we regard this as a just and meritorious case, and we ask that the Board in passing on this letter, please either set the case for hearing or decline to do so.

"Respectfully,
"Warren B. Phillips.
"WBP/hs."

[4] Article 8309a is as follows: "When an injured employee of a subscriber under the Workmen's Compensation Act has sustained an injury in the course of employment and filed claim for compensation and given notice as required by Law, the Industrial Accident Board shall hear his claim for compensation within a reasonable time. Provided, however, when such injured employee is being paid compensation as provided in the Workmen's Compensation Act, and the Insurance Association is furnishing either hospitalization or medical treatment to such employee, the Industrial Accident Board may, within its discretion, delay or postpone the hearing of his claim, and no appeal shall be taken from any such order made by the Board."

[5] Article 8306, Section 12d, is as follows: "Sec. 12d. Upon its own motion or upon the application of any person interested showing a change of condition, mistake or fraud, the Board at any time within the compensation period, may review any award or order, ending, diminishing or increasing compensation previously awarded, within the maximum and minimum provided in this Law, or change or revoke its previous order denying compensation, sending immediately to the parties a copy of its subsequent order or award. Provided, when such previous order has denied compensation, application to review same shall be made to the Board within twelve months after its entry, and not afterward. Review under this Section shall be only upon notice to the parties interested."