**PODAM v. STANDARD ACC. INS. CO.**

Civ. A. No. 2374.

District Court, S. D. Texas, Houston Division.

Dec. 4, 1946.

Helm & Jones, and Albert P. Jones, both of Houston, Tex., for plaintiff.

W. L. Kemper, of Houston, Tex., for defendant.

KENNERLY, District Judge.

This is a suit by plaintiff Carl Podam (for brevity called plaintiff) against defendant Standard Accident Insurance Company (for brevity called defendant) under the Texas Workmen's Compensation Law, Articles 8306 to 8309, Vernon's Civil Statutes of Texas, to recover compensation for an injury claimed to have been received by plaintiff March 9, 1945, while in the employ of the Carey W. George Construction Company. Defendant is the insurer of compensation lawfully owing by Construction Company. The record shows that:

(a) Plaintiff's claim was seasonably filed with the Industrial Accident Board, but defendant claims that there has been no final ruling and decision by such Board, and moves for Summary Judgment, dismissing this case for want of jurisdiction.

(b) Plaintiff was furnished by defendant with all needed medical and hospital treatment and is being paid weekly compensation at the rate of $20 per week—the maximum rate. Presumably for that reason, the Industrial Accident Board has made no order with respect to such weekly rate, nor

with respect to the number of weeks during which plaintiff is to be paid compensation.

(c) But plaintiff having pressed upon the Board that he is entitled to a lump-sum settlement under Section 15 of Article 8306 of the Statute, the Board on October 4, 1946, entered the following order:

"Carl Podam, Employee

    v.           E—17481

Carey George Construction Company, Employer

Standard Accident Insurance Company, Insurer.

On this 4th day of October, 1946, after due notice to all parties, came on to be considered by Industrial Accident Board application for lump sum payment, and Board finds and orders:

That it has not been established by proof that this is a special case in which manifest hardship and injustice will be entailed upon the claimant by the refusal of a lump sum payment at this time. Therefore, lump sum payment of this claim at this time is denied and refused but without prejudice to the subsequent renewal of application at some subsequent date."

(d) Seasonably and properly, plaintiff gave Notice of Appeal and appealed from such order to this Court (Section 5, Article 8307), and defendant has, as stated, moved for Summary Judgment of Dismissal, on the ground that such order is not a final ruling and decision of the Board from which an appeal may lawfully be prosecuted.

1. A similar question arose in this Court in Hawthorne v. Anchor Casualty Co., D. C., 53 F.Supp. 475. Defendant says that this case is identical with the Hawthorne case. Plaintiff says there is a difference. Plaintiff is right. There is a difference.

In the Hawthorne case, the Board steadfastly refused to make any final ruling or decision, and since the claimant there was being paid compensation and had been furnished hospitalization and medical attention so far as needed, it was held that Article 8309a[1] was applicable, and that this Court was without jurisdiction. Here, the Board has entered an order which is a final ruling or decision on the subject of lump-sum payment, and I think that Article 8309a is not applicable, and that such order is one from which an appeal may be prosecuted to this Court. I have examined the cases cited by the parties,[2] and find therein much that supports and nothing that is in conflict with this view.

Judgment will enter, sustaining the jurisdiction of this Court.

---

[1] "Art. 8309a. Hearing of claim by Industrial Accident Board; postponement of hearing.

"When an injured employee of a subscriber under the Workmen's Compensation Act has sustained an injury in the course of employment and filed claim for compensation and given notice as required by Law, the Industrial Accident Board shall hear his claim for compensation within a reasonable time. Provided, however, when such injured employee is being paid compensation as provided in the Workmen's Compensation Act, and the Insurance Association is furnishing either hospitalization or medical treatment to such employee, the Industrial Accident Board may, within its discretion, delay or postpone the hearing of his claim, and no appeal shall be taken from any such order made by the Board."

[2] Southern Casualty Co. v. Posey, 5 Cir., 47 F.2d 1074; Sartor v. Arkansas Natural Gas Corp., 5 Cir., 134 F.2d 433; Southern Surety Co. v. Hendley, Tex. Civ.App., 226 S.W. 454; Southern Casualty Co. v. Todd, Tex.Com.App., 29 S. W.2d 973; Munmon v. Traders & General Insurance Co., Tex.Civ.App., 170 S. W.2d 262; American Surety Co. of New York v. Mays, Tex.Civ.App., 157 S.W.2d 444; Texas Employers Insurance Association v. Shackelford, 139 Tex. 653, 164 S.W.2d 657; DeLeon v. Western Casualty Co., Tex.Civ.App., 114 S.W.2d 274; Stratton v. Gulf Casualty Co., Tex.Civ. App., 53 S.W.2d 518.