**GENERAL ACCIDENT FIRE & LIFE AS-
SURANCE CORPORATION,
Ltd., Appellant,**

v.

**D. L. HAMES et ux., Appellees.**

No. 16917.

Court of Civil Appeals of Texas.

Dallas.

May 19, 1967.

Rehearing Denied June 16, 1967.

Dudley Chambers, of Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellant.

David M. Kendall, Jr., of Woodruff, Hill, Bader & Kendall, Dallas, for appellees.

BATEMAN, Justice.

The appellees D. L. Hames and wife filed this suit under Section 5a of Article 8307 * to enforce an award of the Industrial Accident Board of Texas ordering the appellant to pay accrued compensation benefits in the sum of $420 and "medical, hospital and doctor bills incurred as a result of the occupational disease sustained on or about 4-1-64, 4-20-64, and 5-2-64." At the end of a nonjury trial judgment was rendered against appellant for $1,898.45, of which $420 was for the compensation benefits, $605.40 was for medical expenses, $123.05 was penalty and $750 was attorneys' fees. Appellant concedes its liability for the $420 compensation benefits, but appeals from that part of the judgment awarding medical expenses, penalty and attorneys' fees.

Appellant's first twelve and seventeenth points of error on appeal challenge the validity of that part of the judgment awarding $605.40 to appellees for hospital and doctor bills. Appellant argues that the award of the Board was too vague, general and indefinite as to such charges to be enforceable, that since itemized bills of hospital and doctor fees were not before the Board at the time of the award, and therefore could not have been considered by the Board in making the award, the Board was unauthorized to include such charges in its award and the trial court had no jurisdiction to make fact findings on the reasonableness and the necessity of those charges; also that the court erred in rendering judgment for medical expenses in the absence of a finding that they were incurred as a result of occupational disease. We find no merit in any of these points.

The award of the Industrial Accident Board was of weekly benefits of $35 each for twelve weeks, which were found to have matured in the sum of $420, followed by the sentence: "Named insurer is ordered to pay medical, hospital and doctor bills incurred as a result of the occupational

* All statutory references herein contained are to Vernon's Annotated Texas Civil Statutes.

disease sustained on or about 4–1–64, 4–20–64 & 5–2–64." Both parties gave notice of intention to appeal from this award, but neither of them filed suit within the time provided by Sec. 5, Art. 8307, to perfect the appeal.

Sec. 5, of Art. 8307, gives to "[a]ny interested party who is not willing and does *not consent to abide by the final ruling and decision*" of the Board the right to appeal by giving notice within twenty days of his intention not to abide by said final ruling and decision, and by then bringing suit, within twenty days after giving such notice, to set aside the final ruling and decision.

This is followed by Section 5a, the first paragraph of which provides that if the insurer shall fail and refuse to obey or comply with "a final order, ruling or decision as provided in the preceding section," the claimant shall have the right to bring suit "upon said order, ruling or decision. If he secures a judgment sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim."

The second paragraph of Section 5a gives an injured employee or his beneficiaries the right to sue to mature an award of periodic payments upon failure of the insurer to pay them promptly as they mature.

■■■ Let us first consider the complaint that the award of the Board was too vague and indefinite to be enforceable. This court held, in Middlebrook v. Texas Indemnity Ins. Co., 112 S.W.2d 311 (Tex. Civ.App.1937, writ dism'd w. o. j., 131 Tex. 163, 114 S.W.2d 226), that the phrase "final order, ruling or decision" in Section 5a means the same as the phrase "final ruling and decision" as used in Section 5, and that an award which is final, so far as taking an appeal therefrom is concerned, is

also sufficiently final to be the basis of a suit to mature the same. It has been repeatedly held that a contingent award, or one for an indefinite period of time, not to exceed a certain maximum, is not rendered unappealable for being too vague or indefinite. Southern Surety Co. v. Hendley, 226 S.W. 454 (Tex.Civ.App., Galveston 1920, writ ref'd); Traders & Gen. Ins. Co. v. Chancellor, 105 S.W.2d 720 (Tex.Civ.App., El Paso 1937, writ dism'd); Lumbermen's Reciprocal Ass'n v. Warren, 272 S.W. 826 (Tex.Civ.App., Beaumont 1925, writ ref'd). In *Middlebrook* the award of the Board was for weekly benefits of $9 per week for an indefinite period, not exceeding 125 consecutive weeks "unless changed by subsequent award of the Board." We held that this order was sufficiently final to support a judgment in the suit to mature the claim and recover the entire amount upon failure of the insurer to make the payments ordered. In that case we followed the opinion of the Commission of Appeals in Vestal v. Texas Employers' Ins. Ass'n, 285 S.W. 1041 (Tex.Comm'n App. 1926, jdgmt adopted), in which a similar holding had been made. In dismissing the application for writ of error in *Middlebrook*, the Supreme Court specifically held that we were not in error in following *Vestal* in that respect. Texas Indemnity Ins. Co. v. Middlebrook, 131 Tex. 163, 114 S.W.2d 226; see also Travelers Ins. Co. v. Dickson, 160 F.2d 167 (5th Cir. 1947).

■■ In our opinion, appellant's points of error which complain of the lack and insufficiency of the evidence filed with the Industrial Accident Board, and of the failure or inability of the Board to give proper consideration to the evidence it had before it, and of the failure of the trial court to find as a fact that the medical expenses were incurred because of the occupational disease, all constitute collateral attacks upon the award of the Board, which is not permissible in a suit to enforce the award. In Keller v. Texas Employers' Ins. Ass'n,

279 S.W. 1113 (Tex.Civ.App., Beaumont 1926, no writ), it was said:

"A proceeding to enforce a judgment (as is here attempted) is collateral to the judgment, and therefore no inquiry into its regularity or validity can be permitted in such proceeding, though in such proceedings it may be shown that the judgment is absolutely void for want of jurisdiction."

■ In the same year, Vestal v. Texas Employers' Ins. Ass'n, supra, was decided, wherein it was held, inter alia, that in a suit to enforce the award of the Board the insurer did not have the right to re-open the case and try the issues anew, thus in effect obtaining the benefit of a review or trial de novo in the courts without complying with the statutes with respect to appeal; that the insurer cannot thus convert an action for enforcement into one for compensation; that while the Board is not, strictly speaking, a court, nevertheless its functions are quasi-judicial, and its orders are given the force, after a time, of finality, "and they cannot be collaterally attacked."

See also Security Union Casualty Co. v. Peer Oil Corp., 1 S.W.2d 1109 (Tex.Civ. App., Beaumont 1927, no writ); Texas Employers' Ins. Ass'n v. Neal, 11 S.W.2d 847 (Tex.Civ.App., Eastland 1928, writ ref'd); Wilson v. Associated Indemnity Corp., 74 F.2d 896, 899 (C.C.A., 5th Cir. 1935), Cert. den. 296 U.S. 580, 56 S.Ct. 90, 80 L.Ed. 410.

For these reasons, appellant's first twelve and seventeenth points of error are overruled.

By its points of error Nos. 13 through 16, appellant complains of that part of the judgment assessing $750 attorneys' fees and $123.05 in penalties on the grounds that such amounts are excessive and unauthorized by the statute.

■ Appellant directs our attention to the fact that the last sentence of the first paragraph of Sec. 5a, Art. 8307, authorizes the recovery, in addition to the amount of the award, of "the further sum of twelve per cent as damages *upon the amount of compensation so recovered in said judgment*, together with a reasonable attorney's fee for the prosecution and collection *of such claim*," and argues: (1) that this language restricts the twelve per cent penalty to the $420 compensation benefits, and that it was error to apply it also to the medical expenses; and (2) that the "reasonable attorney's fee" should be determined with respect only to the $420 compensation benefits, exclusive of the medical expenses. We agree with the first argument, but not with the second. In our opinion, neither the Board nor the trial court had authority to allow the twelve per cent penalty on the medical expenses, and the judgment was therefore excessive by the amount of twelve per cent of $605.40, or $72.65. The statute, being penal in character, must be strictly construed and not extended by implication to include a situation not within its express terms. 45 Tex. Jur.2d, Penalties, § 5, p. 7; First Texas Prudential Ins. Co. v. Long, 46 S.W.2d 297 (Tex.Comm'n App.1932, jdgmt adopted).

■ However, we interpret the clause "for the prosecution and collection of such claim" to refer to the entire claim, including the medical expenses.

■ The trial court's finding of $750 as a reasonable attorneys' fee is supported by evidence and we see no reason to disturb it.

Appellant also argues that the claim for attorneys' fee is limited to thirty per cent of the compensation benefits recovered, because of Art. 8306, Sec. 7d, the pertinent part of which is as follows:

"For representing the interest of any claimant in any manner carried from the Board into the courts, it shall be lawful for the attorney representing such interest to contract with any beneficiary under this law for an attorney's fee for such representation, not to exceed thirty

percent (30%) of the amount recovered, such fee for services so rendered to be fixed and allowed by the trial court in which such matter may be heard and determined."

 Appellant argues that the initial phrase, "For representing the interest of any claimant in any manner carried from the Board into the courts," should be interpreted to cover this case because this case was "carried from the Board into the courts" by the filing of the suit to enforce the award. However, we think it is quite obvious that the statute was intended to protect beneficiaries from making improvident contracts with their own attorneys and that the statute has no other purpose. The claim for attorneys' fees, to be charged against the insurer for the benefit of the injured claimant as a sort of penalty for failure of the insurer to pay awards of the Board promptly, has an altogether different purpose and is based on an entirely different statute, to-wit, Art. 8307, Sec. 5a, which contains no restriction on the amount of the fee except that it shall be "reasonable." Therefore, appellant's points of errors Nos. 13, 14 and 15 are overruled, and point of error No. 16, referring only to the twelve per cent penalty, is sustained to the extent of reducing the penalty from $123.05 to $50.40.

Appellees urge us to award them an additional attorneys' fee for the services of their attorneys in this court on appeal. No authority has been cited to us, and we know of none, authorizing this court to decree such an additional fee in this type of case, and we decline to do so.

The judgment of the trial court is reformed by reducing the amount of statutory penalty from $123.05 to $50.40, and, as so reformed, the judgment is affirmed. As authorized by Rule 435, Vernon's Texas Rules of Civil Procedure, we tax all costs against the appellant.

Judgment reformed and, as reformed, affirmed.