MANOR INDEPENDENT SCHOOL DISTRICT, Appellant,

v.

LEACHELLE N., b/n/f James and Carolyn N., et al., Appellees.

No. 13757.

Court of Appeals of Texas, Austin.

March 3, 1983.

vis County, Account No. 613,047, T & T Air Conditioning, Inc."

Keith Kisner, Law Offices of Jack W. London & Associates, P.C., Austin, for appellant.

Jerome J. Eichhorn, Austin, for appellees.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

SHANNON, Justice.

Appellant Manor Independent School District appeals from an order of the district court of Travis County dismissing its administrative appeal for want of jurisdiction. Appellees are Leachelle "N" by next friends James and Carolyn "N." This Court will affirm the order of dismissal.

A chronology of the procedural history of this appeal is here set forth. In October, 1981, officials of the school district determined that Leachelle, an emotionally handicapped student, needed "residential treatment." The school district's determination was appealed by Leachelle and her parents to the Texas Education Agency. A hearing was commenced in November, 1981, before a hearing officer. On February 9, 1982, the hearing officer filed lengthy findings of fact and conclusions of law coupled with a concluding paragraph termed an "order." The hearing officer's order directed the school to take specified "steps" with respect to Leachelle's education. Both parties filed motions for rehearing. In response to Leachelle's motion, the hearing officer filed an amended order. Before the hearing officer acted on the school district's motion for rehearing, the school district filed its administrative appeal in the district court of Travis County.

Leachelle filed a motion to dismiss the administrative appeal for the reason that the order of the hearing officer was not an appealable order as contemplated by the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a §§ 16(e), 19(a), (b) (Supp.1982). The district court granted the motion to dismiss and it is from that order that the school district has perfected its appeal to this Court.

In defense of the judgment dismissing the school district's suit, Leachelle urges that the hearing officer's order of February 9, 1982, or the subsequent amended order, was not a final and appealable order and the school district's attempted administrative appeal to the district court of Travis County was ineffective to confer jurisdiction on that court. Leachelle advised the district court of the problem of jurisdiction by her formal motion to dismiss for want of jurisdiction.

For a party to obtain judicial review of an administrative order, the order must be final and appealable. Tex.Rev.Civ.Stat. Ann. art. 6252–13a § 19 (Supp.1982). Section 19(a) of the statute reads in part, "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a *final* decision in a contested case is entitled to judicial review under this Act." (Emphasis added). Section 19(b) provides further, "[p]roceedings for review are instituted by filing a petition within 30 days after the decision complained of is *final* and *appealable*." (Emphasis added). The requirement of finality in the Texas Act is not unusual in that many state statutes grant a right of appeal only from final orders. Even in states not having a specific statutory requirement of finality, the courts ordinarily hold that only final agency orders are re-

viewable. 2 Cooper, State Administrative Law, p. 588 (1965). Section 19 of the Texas Act codifies the pre-existing rule in Texas that only final administrative orders may be judicially reviewed. *Railroad Comm'n v. Air Products and Chemicals,* 594 S.W.2d 219 (Tex.Civ.App.1980, writ ref'd n.r.e.).

■ A final administrative order is one that leaves nothing open for future disposition. So long as matters remain open, unfinished or inconclusive, there is no final order. *Railroad Comm'n v. Brazos River Gas Co.,* 594 S.W.2d 216 (Tex.Civ.App.1980, writ ref'd n.r.e.).

■ The school district filed its administrative appeal to district court before the hearing officer acted upon its motion for rehearing. At the time the administrative appeal was filed, the hearing officer still had the power to change, alter, or amplify his order. This Court has concluded that the order of February 9, 1982, was not a final and appealable administrative order.

The school district argues, however, that the finality requirement of § 19 of the Administrative Procedure and Texas Register Act must bow to the provisions of 20 U.S.C. § 1415 (1978). Section 1401 *et seq.* of title twenty is concerned with education of the handicapped. Section 1415 establishes certain "procedural safeguards" which are imposed upon state agencies receiving federal financial assistance for the education of the handicapped. The school district relies upon the following provisions of § 1415 for its premise that no final order was required before it was entitled to file its administrative appeal:

(b)(2) Whenever a complaint has been received under paragraph (1) of this subsection, the parents or guardian shall have an opportunity for an impartial due process hearing which shall be conducted by the State educational agency or by the local educational agency or intermediate educational unit, as determined by State law or by the State educational agency. No hearing conducted pursuant to the requirements of this paragraph shall be conducted by an employee of such agency or unit involved in the education or care of the child.

(c) If the hearing required in paragraph (2) of subsection (b) of this section is conducted by a local educational agency or an intermediate educational unit, any party aggrieved by the findings and decision rendered in such a hearing may appeal to the State educational agency which shall conduct an impartial review of such hearing. The officer conducting such review shall make an independent decision upon completion of such review.

\*    \*    \*    \*    \*    \*

(e)(1) A decision made in a hearing conducted pursuant to paragraph (2) of subsection (b) of this section shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (c) and paragraph (2) of this subsection. A decision made under subsection (c) of this section shall be final, except that any party may bring an action under paragraph (2) of this subsection.

(2) Any party aggrieved by the findings and decisions made under subsection (b) of this section who does not have the right to an appeal under subsection (c) of this section, and any party aggrieved by the findings and decision under subsection (c) of this section, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

Section 1415(e)(1) provides that the agency hearing is final except that a party dissatisfied with the agency order may pursue an appeal to the courts. In an effort to expedite the cause of a handicapped student, this section of § 1415 dispenses with the traditional intragency appeals usually accorded persons dissatisfied with decisions

in school matters.[1] A party desiring to appeal the order of the hearing officer may pursue its remedy in a state court of "competent jurisdiction" or in a United States district court. § 1415(e)(2).

The school district chose to pursue its appeal of the hearing officer's order in the district court of Travis County. Although federal law governs substantive rights of the parties in a suit grounded upon a federal right, when a suit pursuing such right is filed in state court, it is governed by state procedural law. *Dutton v. Southern Pacific Transportation,* 576 S.W.2d 782 (Tex.1978). Accordingly, the school district was required to comply with the applicable provisions of the Administrative Procedure and Texas Register Act in taking its appeal from the hearing officer's order to the district court of Travis County. Because the order appealed from was not final, the district court properly dismissed the school district's suit.

The order of dismissal is affirmed.

---

1. Ordinarily, in proceedings in the Texas Education Agency, one has a hearing before a hearing officer whose proposed decision is submitted to the Commissioner of Education. The Commissioner then enters an order which may be appealed to the State Board of Education. Tex.Ed.Agency, Rule 226.71.01.010, 2 Tex.Reg. 3553 (1977). The order of the Board may then be appealed to the district court of Travis County pursuant to the provisions of the Administrative Procedure and Texas Register Act.