**TEXAS GENERAL INDEMNITY COMPANY, Appellant,**

v.

**Yvonne STRAIT and Texas Industrial Accident Board, Appellees.**

**No. 13–83–274–CV.**

Court of Appeals of Texas,
Corpus Christi.

May 31, 1984.

Rehearing Denied June 28, 1984.

Jim R. Weaver, Flahive & Oden, Austin, for appellant.

Robert I. Kahn, Seely & Kahn, San Antonio, Mahon B. Garry, Jr., Philip Durst, Austin, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is a workers' compensation case. Appellee Yvonne Strait alleged that she sustained an injury in the course of her employment at a nursing home that entitled her to workers' compensation benefits. Appellant is Strait's employers compensation insurance carrier. Pursuant to Strait's claim, the Industrial Accident Board entered an order wherein the insurance carrier was ordered to pay weekly compensation to Strait. The insurance carrier attempted to appeal this order to the District Court of DeWitt County. The Industrial Accident Board intervened in the action and filed a plea to the jurisdiction of the trial court, contending that the Board's action was interlocutory and, therefore, not appealable. The trial court granted the Board's motion and dismissed the insurance carrier's appeal. We affirm the judgment of the trial court.

On or about July 3, 1981, in the course of her employment for Retama Manor East Nursing Home, appellee sustained a general injury. Texas General Indemnity Company carried a policy of workers' compensation insurance on the employees of the nursing home. Strait filed her claim with the Industrial Accident Board. Following an administrative prehearing conference, the Board entered an order on May 10, 1982 directing appellant insurance company to pay Strait compensation benefits at the rate of $90.20 per week, commencing from January 22, 1981,[1] and continuing until one of a number of specified events occur. The insurance company filed its petition to set aside the order of the Board. Appellee Strait answered and

---

1. The Texas Industrial Accident Board admits that its order to pay weekly benefits to Strait for a six-month period of time preceding the alleged date of injury was a typographical error and agrees that the Board's order will be corrected to reflect the correct date of injury.

filed a cross-action to also set aside the order of the Board and for a trial de novo on the merits of her claim. The Board intervened and challenged the court's jurisdiction on the grounds that the May 10, 1982 order of the Board was interlocutory and non-appealable. The trial court, after a hearing, agreed with the Board and dismissed the case for lack of jurisdiction.

The insurance carrier's first point of error raises the question of whether or not the order of the Board was "final" and, therefore, appealable. It is the insurance company's contention that the order is a final ruling and decision of the Board and is an appealable order. The pertinent portions of the order read as follows:

"As a result of such finding, the Industrial Accident Board hereby orders Texas General Indemnity Insurance Company to resume payments of weekly compensation to the above-named claimant at the rate of $90.20 per week commencing from January 22, 1981, and continuing from week to week thereafter until the named claimant returns to employment, or has been released by a treating physician to return to employment, or until her claim is disposed of by compromise settlement agreement, A–2 payment or final award of the Industrial Accident Board."

TEX.REV.CIV.STAT.ANN. art. 8307 sec. 5 (Vernon Supp.1984) states that:

"All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the board. Any interested party who is not willing and does not consent to abide by the *final ruling and decision* of said Board shall, within twenty days after the rendition of said *final ruling and decision* by said Board, file with said Board notice that he will not abide by said *final ruling and decision....* (Emphasis added.)

As a general rule, a final administrative order is one that leaves nothing open for future disposition. *Manor Inde-*

*pendent School District v. Leachelle, N.,* 647 S.W.2d 770 (Tex.App.—Austin 1983, no writ); *Railroad Commission v. Air Products & Chemicals,* 594 S.W.2d 219 (Tex. Civ.App.—Austin 1980, writ ref'd n.r.e.). "If a right is made contingent upon the occurrence of some future event, the order is not final." *Railroad Commission v. Brazos River Gas Co.,* 594 S.W.2d 216 (Tex.Civ.App.—Austin 1980, writ ref'd n.r. e.); *Mahon v. Vandygriff,* 578 S.W.2d 144 (Tex.Civ.App.—Austin 1979, writ ref'd n.r. e.); *City of Houston v. Turner,* 355 S.W.2d 263 (Tex.Civ.App.—Houston 1962, no writ). " 'Final decision' means a decision which leaves nothing open to dispute. So long as matter remain open, unfinished or inconclusive, there is no final decision." *Railroad Commission v. Air Products & Chemicals,* 594 S.W.2d at 221; *Waller Creek Homeowners Association v. Texas Department of Health Resources,* 581 S.W.2d 196 (Tex.Civ.App.—Austin 1979, no writ); *Allen v. Crane,* 257 S.W.2d 357 (Tex.Civ.App. —San Antonio 1953, writ ref'd n.r.e.). *See Browning-Ferris, Inc. v. Johnson,* 644 S.W.2d 123 (Tex.App.—Austin 1982, writ ref'd n.r.e.). Final orders are not limited to the last order in a proceeding, but to be final an order must impose an obligation, deny a right, or fix some legal relationship as a consummation of the administrative process. *Ecee, Inc. v. Federal Power Commission,* 526 F.2d 1270 (5th Cir.1976) *cert. denied,* 429 U.S. 867, 97 S.Ct. 176, 50 L.Ed.2d 147 (1976).

An order of the Industrial Accident Board is not final so long as it reserves something to the board for further decision. *Employers Reinsurance Corp. v. Holt,* 410 S.W.2d 633 (Tex.1966). Appeal does not lie from an action of the Industrial Accident Board, until the Board has finally disposed of the claim or case as a whole. *Texas Employers Insurance Assoc. v. Shackelford,* 139 Tex. 653, 164 S.W.2d 657 (1942). *See Kelly v. Industrial Accident Board,* 358 S.W.2d 874 (Tex.Civ.App.— Austin 1962, writ ref'd); *Cordova v. Associated Employers Lloyds,* 250 S.W.2d 945 (Tex.Civ.App.—Fort Worth 1952, writ

ref'd); *Industrial Accident Board of Texas v. Hudson*, 246 S.W.2d 715 (Tex.Civ. App.—Austin 1952, no writ). *See also Industrial Accident Board v. Glenn*, 144 Tex. 378, 190 S.W.2d 805 (1945); *Tally v. Texas Employers Insurance Assoc.*, 48 S.W.2d 988 (Tex.Com.App.1932, judgment adopted).

 It has also been held that an order of the Industrial Accident Board may, in fact, be a final appealable order, even where it fails to state it is final and indicates on its face that it is subject to further modification. *Southern Surety Co. v. Hendley*, 226 S.W. 454 (Tex.Civ.App.—Galveston 1920, writ ref'd). *See General Accident Fire & Life Assurance Corp. v. Hames*, 416 S.W.2d 894 (Tex.Civ.App.—Dallas 1967, no writ); *Middlebrook v. Texas Indemnity Insurance Co.*, 112 S.W.2d 311 (Tex.Civ.App.—Dallas 1937, writ dism'd w.o.j.) *per curiam*, 131 Tex. 163, 114 S.W.2d 226 (1938). A contingent award, or one for an indefinite period of time, not to exceed a certain maximum, is not rendered unappealable for being too vague or indefinite. *General Accident Fire & Life Assurance Corp. v. Hames*, 416 S.W.2d at 896; *Traders & General Insurance Co. v. Chancellor*, 105 S.W.2d 720 (Tex.Civ.App.—El Paso 1937, writ dism'd).

 Our analysis of the order in question reveals it is not an appealable order under section 5 of article 8307. The order is merely an interim action of the Board against a recalcitrant carrier, ordering the carrier to continuing making payments until certain events occur at some time in the future, when the claim will become final. We find nothing vague or indefinite about the order so as to cloak it with appealability. In addition, we note that TEX.REV. CIV.STAT.ANN. art. 8306, Sec. 12d (Vernon 1967) provides, among other things, that the parties may seek to have a decision of the board reviewed at any time where they believe such decision is a result of mistake or fraud or there has been a change of conditions. As was determined in *Commercial Standard Insurance Co. v.*

*Shank*, 140 S.W.2d 273 (Tex.Civ.App.—Austin 1940, writ dism'd, jdgm't correct), the very purpose of this section of the Act is to allow review of actions by the board without resort to appeal as set forth in Article 8307. Therefore, the appellant insurance carrier does have the right to seek additional review of the present action by the Board or, later, an appeal when the Board's action becomes final. Appellant's first point of error is overruled.

In its second point of error, the appellant appears to be claiming that some special right of appeal different from that conferred by section 5 of article 8307 is found in section 18 of article 8306. Section 18 of article 8306 provides:

"It is the purpose of this law that the compensation herein provided for shall be paid from week to week and as it accrues and directly to the person entitled thereto, unless the liability is redeemed as in such cases provided elsewhere herein. If the association willfully fails or refuses to pay compensation as and when the same matures and accrues, the board shall notify said association that such is the course it is pursuing. If after such notice the association continues to willfully refuse and fails to meet these payments of compensation as provided for in this law, the board shall have the power to hold that such association is not complying with the provisions of this law, and shall certify such fact to the Commissioner of Insurance, and said certificate shall be sufficient cause to justify said commissioner to revoke or forfeit the license or permit of such association to do business in Texas; provided, said power of the board shall not be held to deny the association the right to bring suit or suits to set aside any ruling, order or decision of the board."

 While it is obvious that section 18 of article 8306 applies to a fact situation other than the one at bar, it is also apparent that the right of appeal referred to in section 18 is from the same type of *final* ruling as it contemplated by section 5 of article 8307. It is appellant's argument

that section 18 allows the appeal from *any ruling* of the Board. To give section 18 any other interpretation other than an authorization for appeal from *final* rulings would be contrary to all the general precepts of administrative law previously cited herein. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.