**4. Criminal law ⬅══1153(2)—Witnesses ⬅══40 (2)—Competency of witnesses as respects age held confided largely to discretion of trial court, not revisable save for abuse.**

Matter of competency of witnesses as respects their age is confided largely to discretion of trial court, and will not be revised unfavorably unless discretion is abused.

**5. Criminal law ⬅══407(2)—Statement of child identifying defendant's cap inadmissible, as not calling for denial.**

In prosecution for possessing equipment for manufacturing intoxicating liquor, statement of four year old child identifying accused's cap after his arrest *held* inadmissible, where it was made before accused knew he was charged with any crime; such statement calling for no denial at that time.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Adolph Mitchell was convicted of possessing equipment for the purpose of manufacturing intoxicating liquor, and he appeals. Reversed and remanded.

Bibb & Caven, of Marshall, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Harrison county of possessing equipment for the purpose of manufacturing intoxicating liquor, and his punishment fixed at five years in the penitentiary.

[1] It was not error to refuse a request for a peremptory instruction to acquit. The court charged on circumstantial evidence, and did not err in refusing a special charge presenting that issue, which sought to single out one fact in evidence and have the jury decide the case upon that fact alone. Plainly other material facts were proved.

[2] The court on the question of alibi told the jury that if they entertained a reasonable doubt as to the presence of appellant at the still when the officers approached same, they should acquit. This sufficiently charged the law of alibi. McLeroy v. State, 263 S. W. 309, 97 Tex. Cr. R. 307.

[3-5] Appellant's bill of exceptions No. 5 presents his objection to the admission of a statement made by a four year old child to the sheriff in appellant's presence. The officer testified that at the still they found a cap, and that when they went to appellant's house some half mile away they carried the cap, and that he, in appellant's presence, showed it to the child referred to and asked him whose cap it was, and the boy replied, "Uncle Adolph's." This was objected to on the ground that appellant was under arrest, also that it was hearsay, and, third, that the boy was incompetent on account of youth. The

competency vel non of a witness is ordinarily an issue of fact. Hipple v. State, 191 S. W. 1150, 80 Tex. Cr. R. 542, L. R. A. 1917D, 1141. Mr. Underhill, in section 331 of the third edition of his work, on Criminal Evidence, says:

"It may not be said that there is any particular age at which as a matter of law all children are competent or incompetent."

In Smith v. State, 164 S. W. 838, 73 Tex. Cr. R. 273, Judge Davidson, speaking for the court, upheld the admissibility of the testimony of a five year old witness. The matter is one which must be confided largely to the discretion of the trial court, and which this court will not revise unfavorably unless it be convinced that such discretion was abused. However, we are of opinion that the testimony was incorrectly received. There can be no question as to its hurtful effect. It was a conversation between the sheriff and the child. In such case, in order to make same admissible, it would have to appear that appellant understood that he was charged with something that called for a denial on his part before his silence would make the boy's statement admissible. It is not shown that any statement or information had been conveyed to appellant of the fact that he was charged with any crime, nor with knowledge of the fact that ownership of the cap in him, as affirmed by the child, was such criminating circumstance as called for a denial on his part when so stated by the child. See Ritter v. State, 242 S. W. 469, 92 Tex. Cr. R. 247.

For the error in the admission of this testimony, the judgment will be reversed and the cause remanded.

---

**KELLER v. TEXAS EMPLOYERS' INS. ASS'N. (No. 1319.)**

(Court of Civil Appeals of Texas. Beaumont. Jan. 12, 1926. Rehearing Denied Feb. 3, 1926.)

**1. Master and servant ⬅══397—Industrial Accident Board has jurisdiction over persons and subject-matter involved.**

Industrial Accident Board is authorized to investigate, for determination, matters properly coming before it, and has jurisdiction over persons and subject-matter involved.

**2. Master and servant ⬅══397—Industrial Accident Board exercises administrative and judicial functions.**

The decrees of the Industrial Accident Board are in the nature of judgments, so that board, in the investigations and decisions it is called upon to make, exercises both administrative and judicial functions.

---

⬅══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Master and servant ⬥416—Orders of Industrial Accident Board bind parties, and cannot be collaterally attacked.**

The orders and judgments of the Industrial Accident Board, when not set aside in manner provided by Rev. St. 1925, art. 8307, § 5, become final and binding upon all parties thereto, and cannot be collaterally attacked.

**4. Master and servant ⬥416 — Validity of award by Industrial Accident Board cannot be inquired into, in proceeding to enforce it.**

A proceeding to enforce a judgment, such as suit to enforce payment of an award of the Industrial Accident Board, is collateral to the judgment, and no inquiry into its regularity or validity is permissible in such proceeding, though it may be shown that judgment is absolutely void for want of jurisdiction.

**5. Master and servant ⬥416—Award of Industrial Accident Board, in favor of minor, paid lump sum, held to sustain pleas of accord and satisfaction and res adjudicata.**

In minor's suit by next friend against workmen's compensation insurer to enforce payment of an award by the Industrial Accident Board, where record disclosed full payment of amount awarded to the minor, under Rev. St. 1925, art. 8306, § 13, pursuant to lump sum settlement between parties, and no appeal from, or action under, article 8307, § 5, to set aside, modify, or vacate decree, was taken, defendant's pleas of accord and satisfaction and res adjudicata were properly sustained.

**6. Statutes ⬥81 — Statute, authorizing payment of compensation direct to minor claimant, not void as local or "special law"; "general law."**

Rev. St. 1925, art. 8306, § 13, authorizing payment of compensation direct to minor claimant, if authorized by the Industrial Accident Board, held not void, under Const. art. 3, § 56, as a local or special law affecting estates of minors; a statute relating to persons or things as a class being a "general law," while one relating to particular persons or things of a class is a "special law."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Law; Special Law.]

**7. Infants ⬥12—Statute, authorizing payment of compensation direct to minor claimant, held not void as affecting estates of minors, within constitutional provisions as to jurisdiction of probate court.**

Rev. St. 1925, art. 8306, § 13, authorizing payment of compensation direct to a minor claimant, if authorized by the Industrial Accident Board, held not void as affecting estates of minors, within Const. art. 5, § 16, giving county court, sitting as probate court, jurisdiction to appoint guardians, and transact all business pertaining to estates, of minors.

Error from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by J. M. Keller, by his next friend, R. O. Keller, against the Texas Employers'

Insurance Association. Judgment for defendant, and plaintiff brings error. Affirmed.

David E. O'Fiel and C. W. Howth, both of Beaumont, for plaintiff in error.

Orgain & Carroll, of Beaumont, for defendant in error.

O'QUINN, J. This is a suit by J. M. Keller, by and through his father, R. O. Keller, as next friend, in the district court of Jefferson county, Tex., against the Texas Employers' Insurance Association, seeking to enforce the payment of an award by the Industrial Accident Board in favor of J. M. Keller, which plaintiff in error alleged had never been paid to any person authorized by law to receive same, and also sought to recover a penalty of 12 per cent. on the amount alleged to be due and unpaid, and an attorney's fee of $500.

Defendant in error filed its plea of privilege to be sued in Limestone county, Tex., the county in which the accident occurred, by which plaintiff in error, J. M. Keller, was injured. The record contains no disposition of this plea, and same will not be further noticed.

For answer, defendant in error presented a general demurrer, several special exceptions, a general denial, plea of accord and satisfaction, and plea of res adjudicata.

The case was tried before the court without a jury, and defendant in error's pleas of accord and settlement and res adjudicata sustained, and judgment rendered against plaintiff in error. Motion for a new trial was duly made and overruled, and the case is before us on writ of error.

The facts are without dispute. J. M. Keller, an employé of the Rivere Oil Company, in Limestone county, Tex., on or about June 14, 1922, while in the course of his employment, received an injury to his right leg that necessitated its amputation below the knee. The oil company carried compensation insurance with defendant in error, the Texas Employers' Insurance Association, covering J. M. Keller. Notice of the injury was duly given and claim for compensation made before the Industrial Accident Board. Liability was admitted by the defendant in error. It was agreed by and between Keller, who was a minor about 19 years of age, and defendant in error, that defendant in error would pay to Keller in a lump sum in full settlement of his claim the sum of $1,789.73, which agreement to settle was presented to the Industrial Accident Board, and authority as per article 5246—31, Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, requested to make a settlement. The request was granted by the board, the money paid, and receipt therefor passed, and an order entered upon the minutes of the board finally disposing of the claim. No notice was given

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

by J. M. Keller, nor by any one acting for him, that he would not abide the award and decree of the board, nor was there any suit brought to set same aside. Neither was there any motion made to the board for a review of the order or to reopen the same for any purpose. The approval of the board of the settlement was dated October 10, 1922. Within a short time after receiving the money, J. M. Keller spent same in riotous living. On June 27, 1923, R. O. Keller, the father of J. M. Keller, filed this suit as next friend for J. M. Keller, alleging that defendant in error had not paid said sum awarded to J. M. Keller by the board to any person authorized by law to receive same, and prayed for judgment; that J. M. Keller, by his father and next friend, recover of defendant in error for the amount of the award and attorney's fees in the sum of $500, and relief generally.

The gist of the controversy is that J. M. Keller, when he was injured and was awarded and received compensation, was a minor, which minority was known to the insurance company and to the Industrial Accident Board, and, as he was a minor, the board was without power to authorize a settlement of compensation due Keller by authorizing the money to be paid direct to him, and therefore the payment of compensation as made did not discharge the obligation of the insurance company, and it stood as if it had failed and refused to comply with the order and decree of the board awarding compensation to Keller, and that this suit to enforce said award was maintainable. The reasons for these contentions will appear as the questions presented by the parties are discussed.

[1-3] The Workmen's Compensation Act has been repeatedly held to be constitutional. While the Industrial Accident Board is not a court, yet it is an administrative board, created by the state to administer the Workmen's Compensation Act in the first instance, and is clothed with all necessary powers to hear and determine the matters coming before it; therefore it has authority to investigate matters for determination and has jurisdiction over the persons and subject-matter involved. Its decrees are in the nature of judgments, and therefore the board, in the investigations and decisions it is called upon to make, exercises both administrative and judicial functions. This being true, its orders and judgments, when not appealed from, or rather which have not been set aside in the manner provided in said act (article 8307, § 5, Revised Civil Statutes 1925 [old article 5246—44]), become final and binding upon all parties thereto, and cannot be collaterally attacked. Article 8307, § 5, Revised Civil Statutes, 1925; Texas Employers' Insurance Association v. Shilling (Tex. Civ. App.) 259 S. W. 239; Southern Surety Co. v. Lucero (Tex. Civ. App.) 218 S. W. 68; Dennison v. Payne (C. C. A.) 293 F. 341; Longinette v. Shelton (Tenn. Ch. App.) 52 S. W.

1078; Black on Judgments, vol. 2, § 532; 34 C. J. § 826, p. 519; Id. § 1158, p. 748; Id. § 1171, p. 759; Id. § 1287, p. 878.

The courts have uniformly held that the decisions rendered by an officer or a board regularly constituted and empowered to settle the question submitted to it when acting judicially have the force and effect of a judgment. City of Socorro v. Cook, 24 N. M. 202, 173 P. 685; Smelting Co. v. Kemp, 104 U. S. 636, 26 L. Ed. 875.

[4] A proceeding to enforce a judgment (as is here attempted) is collateral to the judgment, and therefore no inquiry into its regularity or validity can be permitted in such proceeding, though in such proceedings it may be shown that the judgment is absolutely void for want of jurisdiction.

[5] The board had jurisdiction to hear and determine the claim. This plaintiff in error admits. There was no appeal or action as provided by law taken to set its decree aside, or to reopen the matter for further investigation, correction, or modification, or to vacate same, and the record disclosing full payment of the amount awarded to plaintiff in error, and in the manner authorized by the board, the court did not err in sustaining defendant in error's pleas of accord and satisfaction and res adjudicata. As to the conclusiveness of a judgment of a minor, who is a party to a suit without a guardian, see Kelly v. Kelly (Tex. Civ. App.) 178 S. W. 686 (688); Grogan v. Spaulding (Tex. Civ. App.) 155 S. W. 1014.

[6] But plaintiff in error contends that defendant in error's pleas of accord and satisfaction and res adjudicata cannot be sustained because that portion of the order and decree of the board permitting and approving the payment of the award to plaintiff in error, J. M. Keller, was not warranted in law and was void, for in that said Keller was a minor, and that the portion of article 8306, § 13, Revised Civil Statutes 1925 (old article 5246—31), providing that payment of compensation may be made direct to the minor claimant, if authorized by the board, is in violation of article 3, § 56, of the Constitution of the state of Texas, forbidding the Legislature to pass any local or special law affecting the estates of minors or persons under disability; and of article 5, § 16, of the Constitution, which provides that the county court shall have the general jurisdiction of a probate court, shall probate wills, appoint guardians of minors, transact all business pertaining to deceased persons, minors, etc.

[7] We do not think that plaintiff in error's contention in either instance should be sustained. (1) The statute (article 8306, § 13, Revised Civil Statutes 1925 [old article 5246—31]) is in no sense a special law. Technically, a special law is a law which applies to an individual or individuals, or to some individuals of a class, and not to all of a class. Wallis v. Williams, 101 Tex. 397, 108 S. W. 153. A statute which relates to persons or

things as a class is a general law; while a statute which relates to particular persons or things of a class is special. Clark v. Finley, 93 Tex. 171, 54 S. W. 343. The statute in question relates to a class of persons, minors, and not to individuals of that class. (2) The statute (article 5246—31), was not enacted for the purpose of affecting the estates of minors in the sense in which they are mentioned in article 5, § 16, of the Constitution, but was enacted for the purpose of giving minors entitled to compensation under the law the right, by and with the approval of the Industrial Accident Board, to receive directly the compensation due them for an injury, and therefore is not in conflict with section 16 of article 5 of the Constitution. It has been held that, while the Constitution confided the appointment of guardians of minors to the county courts sitting in probate, still such courts are not given any control of minors or their estates, save as wards of guardians appointed by them; that the words "business of minors" found in said section mean business growing out of the administration of their estate. Ex parte Will Reeves, 100 Tex. 617 (622), 103 S. W. 478. The award of compensation to the minor, J. M. Keller, and its payment made to him direct, under authority and sanction of the board, was not a probate proceeding, nor the transaction of any business growing out of an administration of his estate, within the meaning of article 5, § 16, of the Constitution.

The judgment of the court below should be affirmed, and it is so ordered.

Affirmed.