SECURITY UNION CASUALTY CO. v. PEER OIL CORPORATION.  (No. 1632.)

Court of Civil Appeals of Texas.  Beaumont. Dec. 31, 1927.

1. Master and servant ⟐417(4½)—Industrial Accident Board, having made award, was authorized to award employer for subsequent hospital expenses, notwithstanding appeal from first award (Workmen's Compensation Act [Rev. St. 1925, art. 8307, § 5]).

Where the Industrial Accident Board made award to employer as reimbursements for payment it made for hospital expenses of employee to a named date, and insurer took appeal from award to the district court under Workmen's Compensation Act (Rev. St. 1925, art. 8307, § 5), the board was authorized to award employer additional allowance for hospital expenses incurred after entry of first award.

2. Master and servant ⟐397—Jurisdiction of Industrial Accident Board, under Workmen's Compensation Act, is original and primary.

Jurisdiction of the Industrial Accident Board over all issues arising in course of administration of Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) is original and primary.

3. Master and servant ⟐416—Orders and decrees of Industrial Accident Board, not appealed from or set aside, cannot be collaterally attacked (Workmen's Compensation Act [Rev. St. 1925, art. 8307, § 5]).

Orders and decrees of the Industrial Accident Board are in nature of judgments, and, when not appealed from or set aside, as provided by Workmen's Compensation Act (Rev. St. 1925, art. 8307, § 5), become final and binding, and cannot be collaterally attacked.

4. Master and servant ⟐417(9)—Employer's failure to assert right to allowance for additional medical expenses on appeal from first award did not bar separate suit therefor (Workmen's Compensation Act [Rev. St. 1925, art. 8307]).

Where the Industrial Accident Board made award to an employer as reimbursement for payments of hospital bills for an employee, and insurer took appeal therefrom to the district court under Workmen's Compensation Act (Rev. St. 1925, art. 8307), and board made an additional award for hospital expenses incurred thereafter, from which no appeal was taken, failure of employer to assert right of claim for which second award was made in suit on appeal did not bar its subsequent suit against insurer on second award, under doctrine of res judicata.

5. Appeal and error ⟐733—Assignment of error, that judgment was contrary to law, not pointing out defect therein, is too general for consideration.

Assignment of error that court erred in granting judgment, because it was not authorized under Employers' Liability or Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), is too general for consideration, where it did not point out wherein judgment was unauthorized.

6. Appeal and error ⟐742(6)—Assignment that judgment was unauthorized held not germane to proposition that employer could not recover attorney's fees or penalty, because insurer failed to appeal (Court of Civil Appeals Rule 30).

Assignment of error that court erred in granting judgment, because it was unauthorized under Employers' Liability or Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), held not germane, within rule 30 of Court of Civil Appeals, to proposition that subscriber to Workmen's Compensation Act cannot recover from insurer attorney's fees or penalty, because insurer failed to appeal from award of the Industrial Accident Board.

7. Master and servant ⟐416½—Awarding attorney's fee and penalty in employer's suit against insurer to enforce award of Industrial Accident Board held proper (Rev. St. 1925, art. 8306, §§ 6, 7, and art. 8307, §§ 5, 5a).

In suit by subscriber to the Workmen's Compensation Act to enforce award of the Industrial Accident Board to reimburse subscriber for hospital expenses of an employee where insurer took no appeal from award, awarding, under Rev. St. 1925, art. 8306, §§ 6, 7, and article 8307, §§ 5, 5a, of 12 per cent. damages and $500 as attorney's fee held proper.

Appeal from District Court, Liberty County; Thos. B. Coe, Judge.

Suit by the Peer Oil Corporation against the Security Union Casualty Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Fairchild & Redditt, of Lufkin, for appellant.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Baker, Botts, Parker & Garwood, of Houston, for appellee.

O'QUINN, J. Appellee brought this suit in the district court of Liberty county to enforce an award rendered in its favor by the Industrial Accident Board on December 13, 1926, for hospital and nurses' charges in the sum of $1,338.50, rendered to J. B. Roberts, one of its employees, who had been injured while appellee was protected by an insurance policy issued by appellant.

The facts are that, on or about March 30, 1926, the Peer Oil Corporation was an employer of labor, and carried with appellant, Security Union Casualty Company, a policy of insurance covering its employees under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309). J. B. Roberts was an employee of said Peer Oil Corporation, and on said date, while in the course of his employment, received a serious injury, which necessitated his being placed in a hospital, and having medical and surgical treatment and constant attention of trained nurses. Roberts' injury was caused by being crushed under an oil derrick blown down by a severe windstorm. Appellant denied any liability under its insurance policy, and refused to pay compensation or hospital, medical, and nurses' bills. July 2, 1926, the Industrial Accident Board, on claims duly filed and proper notice, made an award in favor of Roberts for compensation and in favor of appellee, Peer Oil Corporation, for $1,218.25, as reimbursements for payments it had made for hospital, medical, and nurses' bills for said Roberts. Appeal was taken by appellant from this award, together with the award in favor of Roberts to the district court of Liberty county, which court, on the cross-action of Roberts and appellee, on October 21, 1926, rendered judgment for the amounts awarded them. Appellant appealed this judgment to the Court of Civil Appeals, where said judgment was affirmed June 18, 1927. 298 S. W. 164.

While said suit was pending on appeal, and after the award of July 2, 1926, appellee paid other and further hospital and nurses' expenses in caring for Roberts, and filed its claim therefor before the Industrial Accident Board in the sum of $1,338.50. The board, on December 13, 1926, entered an award in appellee's favor for the amount claimed. No appeal was taken from this award, because, appellant says, the board was without authority to make the second award, for, in that it having made an award which was final, and from which an appeal had been taken, it had no authority to make any subsequent award. The instant suit was filed in the district court of Liberty county on January 19, 1927, to enforce said last award, with the prayer that it have judgment for the amount of the award, $1,338.50,

together with 12 per cent. damages and $500 as an attorney's fee.

Appellant, defendant below, answered by (a) plea in bar, asserting that the matters and things involved in the claim and award of July 2, 1926, and final award made thereon and the appeal by appellant from said award to the district court of Liberty county, divested the board of all jurisdiction over any issues or matters in dispute then existing or thereafter to arise between any of the parties concerned in said award or related to said accident or injury, and that said appeal from said award vested in and conferred jurisdiction upon said Liberty county district court to hear and determine any, all, and every question or issue arising out of said accident and injury or any manner connected therewith; (b) plea to the jurisdiction of the court to hear and determine the matter in controversy, which plea set out the same facts as the plea in bar, and asserted that the effect of the former appeal (from the award of July 2, 1926) being to divest the Industrial Accident Board of any jurisdiction to hear and determine any further questions, issues, or matters arising between the parties growing out of said accident and injury, the second award of the board made and entered on December 13, 1926, upon which this suit is based, was null and void, and could not be made the basis of a cause of action; and (c) general demurrer, general denial, and specially plead the matters pleaded in its pleas in bar and to the jurisdiction, and in effect a plea of res adjudicata, in that the award of the board on July 2, 1926, in favor of claimants, appellant's appeal from said award to the district court of Liberty county, the judgment of said district court in favor of claimants on their cross-action against appellant, the appeal of appellant from said judgment to the Court of Civil Appeals, and the affirmance of said judgment by said appellate court, were conclusive of all and every matter then in dispute between the parties arising, or thereafter to arise, out of the accident and injury to said Roberts.

The case was tried to the court without a jury, and judgment rendered in favor of appellee for the amount of its claim, with interest from the date of the award to the date of the judgment, 12 per cent. damages on the amount of the award, and $500 as an attorney's fee, the whole sum adjudged to appellee being $2,045.97. The case is before us on appeal.

[1-3] Appellant's first proposition is:

"The Industrial Accident Board having made a final award allowing an employer reimbursement for the amount paid for hospital and medical treatment, for an employee, had no authority to make a subsequent award allowing additional amounts as reimbursement for hospital and medical treatments paid for by employer, when all of said claim of the employer had accrued at

date first award was made, and from said first award an appeal had been properly perfected."

The claim of appellee was for hospital and nurses' expenses incurred for the care of the injured employee, Roberts, and which were paid by appellee *after* the first award of July 2, 1926. No part of this claim was included in the claim or the award first made by the board. We think the board had ample authority to pass upon the claim in question and to make the award. The jurisdiction of the board over all the issues arising in the course of the administration of the Workmen's Compensation Act is original and primary. Furthermore, the orders and decrees of the Industrial Accident Board are in the nature of judgments, and, when not appealed from, or have not been set aside in the manner provided in the Workmen's Compensation Act (article 8307, § 5, Revised Civil Statutes 1925—old article 5246—44 [Vernon's Ann. Civ. St. Supp. 1918]), become final and binding, both as to law and fact, and cannot be collaterally attacked. Article 8307, § 5, Revised Statutes; 34 C. J. 519, § 826; Southern Surety Co. v. Lucero (Tex. Civ. App.) 218 S. W. 68; Texas Employers' Ins. Ass'n v. Knouff (Tex. Civ. App.) 271 S. W. 633; Keller v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 279 S. W. 1113, 1115; Vestal v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 285 S. W. 1041. Appellant took no steps whatever to set aside the award. It therefore became final, and cannot be collaterally attacked, as is here attempted.

What we have said disposes of appellant's third proposition.

[4] Appellant's second proposition asserts:

"The trial upon an appeal from an award of the Industrial Accident Board being de novo, the entire claim and rights of the parties can be adjudicated, even though not passed upon by the board, and a failure to assert such rights is a complete bar to subsequent suit, as the doctrine of res adjudicata applies."

This contention cannot be sustained. The claim of appellee was not involved in the award of July 2, 1926. The sums awarded to appellee in the award of December 13, 1926, here in contest, were paid by appellee after the first award, and formed no part of its claim before the board acted upon July 2, 1926, from which appellant appealed to the district court of Liberty county, and therefore its right to them could not have been adjudicated in that suit. When appellant appealed from the award of July 2, 1926, appellee, by cross-action, asked for judgment for the amount awarded to it in the first award, and obtained such judgment October 11, 1926. The award here involved was not made by the board until December 13, 1926. Article 8307, Revised Civil Statutes 1925; Texas Employers' Ins. Ass'n v. Jimenez (Tex. Civ. App.) 267 S. W. 752. Appellant contends that, although the claim of appellee in the in-

stant case had not been paid by appellee at the time of the first award, July 2, 1926, still it had accrued and had been paid by appellee before the judgment was had in the district court of Liberty county, and that appellee should have amended its petition and claimed said amounts in that suit, and that, as it did not do so, same was a complete bar to the instant suit. This contention is not sound. We think the proper procedure required that the claim should first be presented to the board for consideration and award. Texas Employers' Ins. Ass'n v. Knouff (Tex. Civ. App.) 271 S. W. 633, 636. But, if not so, and appellee could have amended its pleading, and included the sum claimed in the district court in the trial of the appeal from the first award, still appellee was not required to do so. The payment by appellee of further and additional hospital and nurses' expenses in caring for its injured employee, made after the first award, constituted a separate claim, and gave appellee upon an award by the board and failure by appellant to appeal therefrom a separate cause of action. Cavitt v. Amsler (Tex. Civ. App.) 242 S. W. 246; Jones & Co. v. Gammell Statesman Pub. Co., 100 Tex. 320, 99 S. W. 701, 8 L. R. A. (N. S.) 1197; City of Houston v. Walsh, 27 Tex. Civ. App. 121, 66 S. W. 106.

[5, 6] Appellant's fourth proposition is that a subscriber cannot recover from the insurer attorney's fees or penalty by reason of the failure of the insurer to appeal from an award of the board.

This proposition is not based upon any sufficient assignment of error. It is based upon assignment of error No. 6, which reads:

"The trial court erred in granting judgment for plaintiff, Peer Oil Corporation, in any amount, for the reason that same is not authorized under the Employers' Liability or Workmen's Compensation Act of the state of Texas."

[7] This assignment is too general; merely asserts that the judgment is contrary to the law; in no wise points out wherein the judgment is not authorized by the law. Central Lumber Co. v. Fall (Tex. Civ. App.) 264 S. W. 513; Wacasey v. Wacasey (Tex. Civ. App.) 279 S. W. 611; Service Station Equipment Co. v. Hewitt (Tex. Civ. App.) 282 S. W. 286. Furthermore, the proposition does not appear to be germane to the assignment to which it is related. Rule 30, Courts of Civil Appeals. However, if it can be said that the proposition should be considered, we think it should be overruled. The award sought to be enforced was made by the board in the exercise of its lawful powers in the administration of the Workmen's Compensation Act. No appeal was taken by appellant from this award. This being an action to enforce the award, the court was authorized to grant judgment for the amount of the award, together with 12 per cent.

thereof as damages and a reasonable attorney's fee. Revised Statutes, art. 8306, §§ 6, 7; article 8307, §§ 5 and 5a; Security Union Casualty Co. v. Roberts (Tex. Civ. App.) 298 S. W. 164; Southern Surety Co. v. Beaird (Tex. Civ. App.) 235 S. W. 240.

No error being shown, the judgment should be affirmed.