**JONES v. JEFFREYS.**

No. 14446.

Court of Civil Appeals of Texas. Dallas.

Nov. 16, 1951.

Rehearing Denied Jan. 4, 1952.

J. A. Blakeley and John F. Harrison, Dallas, for appellant.

Leachman, Matthews & Gardere, and Henry D. Akin, Dallas, for appellee.

CRAMER, Justice.

Appellant Roy L. Jones filed this suit in District Court against appellee L. A. Jeffreys, d/b/a Jeff's Motor Service, to recover $25,000 damages over and above and in addition to any recovery which he might receive under our Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. He alleged a willful, wanton and intentional assault upon his person by Robert A. Jeffreys, while acting for and on behalf of Jeff's Motor Service. In his first amended original petition, as to Jeff's Motor Service being the trade-name of L. A. Jeffreys

he alleged such trade-name was the partner-ship trade-name of L. A. Jeffreys and his son, Robert A. Jeffreys. Robert A. Jeffreys was not served with citation.

Appellant's trial pleadings, omitting head-ing, formal parts, and prayer, were as fol-lows:

"For cause of action, plaintiff would show that heretofore, to-wit, on or about the 3rd day of April, 1950, plaintiff was employed as a mechanic by defendant; that at such time, Jeff's Motor Service was co-partner-ship comprised of Robert A. Jeffreys and his father, defendant L. A. Jeffreys; that at such time, the said Robert A. Jeffreys, while acting for and on behalf of said partner-ship, attacked and assaulted plaintiff and struck plaintiff severe blows and intention-ally knocked plaintiff onto a concrete floor, causing severe personal injuries to plaintiff as follows: Plaintiff suffered multiple bruises and contusions to his body gener-ally, and particularly injuries to the mus-cles, ligaments, blood vessels, soft tissues, nerves and bony structure of the back, a fractured right hip, injury to the muscles, tissues, ligaments, blood vessels, nerves and bony structure of the left shoulder and arm so that the left arm was paralyzed, and the ribs on the left side were torn and pulled loose.

"By reason of the premises, and of the willful, wanton and intentional assault upon plaintiff by the said Robert A. Jeffreys while acting for and on behalf of the said co-partnership, plaintiff is entitled to dam-ages, over and above and in addition to any recovery to which he might be entitled un-der the Workmen's Compensation Laws of the State of Texas, in the sum of Twenty Five Thousand Dollars ($25,000.00)."

Appellee, after answering to the merits, filed a sworn motion for summary judg-ment, which, omitting formal parts and prayer, was as follows:

"That said plaintiff was injured, on April 3, 1950, at 3606 West Davis, in the City of Dallas, while in the course of his employ-ment; that the said plaintiff has, or will fully recover from said injuries; that at the time the injuries occurred to said plain-tiff, the said defendant was a subscriber to the Workmen's Compensation Act of the State of Texas, and carried, and was cover-ed by policy No. 33112, issued by the Texas Employers Insurance Association, of Dal-las, Texas, which said insurance company was, and is authorized to issue policies in Texas under and by virtue of the Work-men's Compensation Act of the State of Texas; that the said plaintiff has filed his claim for said injuries under the above pol-icy, with the Industrial Accident Board, at Austin, Texas, and the said Texas Employ-ers Insurance Association has, since said in-juries paid said plaintiff the sum of $25.00 per week compensation for said injuries, and is now, and said plaintiff has accepted said payments of compensation for said in-juries.

"II. That by reason of said defendant having been a subscriber to the Workmen's Compensation Act of the State of Texas, and having carried, and having been cover-ed by the aforesaid policy at the time of said injuries to said plaintiff, the said de-fendant, as a matter of law, is not liable for said injuries to the said plaintiff, and said defendant is entitled to a summary judgment against said plaintiff."

The court, on pleadings and such motion, entered judgment that plaintiff recover nothing by this suit, and this appeal was duly perfected from such judgment.

Appellant briefs five points of error, in substance: Error of the trial court ·(1) in sustaining appellee's motion for summary judgment; (2) in holding appellant's action for exemplary damages growing out of an assault and intentional injury inflicted by such employer was barred by employer's subscription under Workmen's Compensa-tion Act; (3) in holding appellee employer as a matter of law not liable for injuries to appellant employee by reason of a willful, wanton and intentional assault upon him by his employer; (4) in holding that art. 8306, R.C.S., as applied to the alleged facts, is not in conflict with art. 1, sec. 13, of our State Constitution, Vernon's Ann.St.; or with the U. S. Constitution; and in holding (5) that no genuine issue of fact existed under the pleadings. Appellee counters by five points

which merely assert the reverse of the above. All such points and counterpoints will be considered together.

The pleadings of appellant do not state whether the damages sought are for actual or exemplary damages; for that reason we will first assume that they are for exemplary damages.

Our Constitution, art. 16, section 26, provides as follows: "Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide."

Art. 8306, R.C.S., sec. 5, provides the procedure under such Constitutional provision for the recovery of exemplary damages in a proceeding under the Workmen's Compensation Act.

Under such constitutional provision and the Workmen's Compensation Act, where an employee has elected to come under the Act by not giving the notice required by sec. 3a of art. 8306, R.C.S., exemplary damages may be recovered by the parties named in the Constitution, but only where the injury results in the death of the employee. The appellant employee, being alive, and in person prosecuting this suit, cannot be within the coverage set out in such constitutional provision.

We therefore hold that appellant is barred under the undisputed facts here from a recovery of exemplary damages. Castleberry v. Frost-Johnson Lumber Co., Tex. Com.App., 283 S.W. 141; Faulkner v. Kleinman, Tex.Civ.App., 158 S.W.2d 891.

Considering the damages claimed to be for actual damages, less payments made under the compensation claim made by appellant, sec. 3, art. 8306, bars recovery by appellant employee since he elected to recover under the Act by filing a claim and accepting benefits under it for "accidental injuries." 15 Tex.Jur., Election of Rem-

edies, Sec. 7, p. 828; Simmons v. Clampitt Paper Co., Tex.Civ.App., 223 S.W.2d 792, Ref., n. r. e. (Syl. 5); Van Sickle v. Locke, Tex.Civ.App., 220 S.W.2d 919, Syl. 2, page 921.

In Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556, the difference between "accidental injuries," and "intentional injuries," is discussed and defined, Syl. 3-4, 185 S.W. page 560. They are inconsistent with each other. Appellant's asserted claim for compensation for accidental injuries under the Workmen's Compensation Act and his acceptance of benefits thereunder being entirely inconsistent with his present claim in this suit for intentional injury, such asserted claim in the compensation proceeding bars and destroys, through his election of remedies, the claim here, and creates both an estoppel and res adjudicata of such claim. Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377.

Sec. 3, art. 8306, R.C.S., provides that the benefits under such Workmen's Compensation Act are exclusive, and "The employes of a subscriber * * * shall have no right of action against such subscribing employer * * * for damages for injuries * * *." Such provisions of the Act by their very terms bar a further recovery here.

Our Workmen's Compensation Act and the provisions above quoted are not in conflict with art. 1, sec. 13, of our Constitution, since the Act gives to the appellant an elective substitute right of action for and in the place of his common-law action; and, appellant having elected to proceed on the theory that his cause of action was one for accidental injuries under the Act, and having received compensation therefor, he is now estopped from proceeding on another claim for the same injury on an inconsistent theory.

The trial court, for the reasons above stated, correctly sustained the motion for, and in entering, the summary judgment against appellant. It is therefore

Affirmed.