Shelby Jean **HEIBEL** et vir, Appellants,

v.

Camille **BERMANN**, Appellee.

No. 14896.

Court of Civil Appeals of Texas.

Houston.

Oct. 27, 1966.

Robert J. Barr, Houston, for appellants.

Vinson, Elkins, Weems & Searls, John N. Touchstone, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a judgment, rendered on appellee's motion for summary judgment, dismissing appellants' suit against appellee. The suit dismissed was one against appellee to recover damages at common law, both actual and punitive, for injuries allegedly resulting from an intentional blow struck by appellee that resulted in injury to Mrs. Heibel.

On March 9, 1963, Mrs. Heibel was an employee of Maxim's, Inc. in Houston. Appellee was a fellow employee. On that date, according to a petition filed by Mrs. Heibel and her husband, she, while acting in the course and scope of her employment, was struck and received a sharp blow over her right kidney area. As a result of the injuries received, she alleged she was totally and permanently disabled and asked compensation for 401 weeks, together with medical expense, from Aetna Casualty and Surety Co., the workmen's compensation carrier for Maxim's, Inc. The suit represented an appeal from an award of the Industrial Accident Board.

On January 31, 1966, an agreed final judgment of compromise and settlement was rendered awarding Mrs. Heibel $3,-800.00 against Aetna. The judgment, signed by appellants here, their attorney, the attorneys for Aetna and the judge, recited that the judgment had been fully satisfied and it was adjudged that Aetna and the employer were relieved and discharged

from all liability for damages, disability, incapacity, etc. arising or growing out of the accident and accidental injuries to Mrs. Heibel which were the basis of the suit. Appellants and their counsel acknowledged in writing the receipt of $3,800.00 in full payment, satisfaction and discharge of the accident of March 9, 1963, and the judgment rendered. The receipt contained an agreement that appellants would pay all medical expense.

On February 11, 1966, appellants filed suit against appellee individually alleging that on March 9, 1963, appellee intentionally struck Mrs. Heibel on the kidney causing severe injuries to her. They sought to recover actual and punitive damages. As presented here appellants contend that though Mrs. Heibel first claimed and received workmen's compensation from Aetna, since the act of the fellow employee that caused her injuries and disability was intentional, she also has a common law action for damages, because such action is preserved to her by Article I, Sec. 13, Constitution of Texas, Vernon's Ann.St.

Appellee by his answer, both by way of exception and in bar, pled that Mrs. Heibel had claimed and accepted compensation under the workmen's compensation insurance policy covering Maxim's, Inc. and this, by virtue of Article 8306, Sec. 3, Vernon's Ann.Tex.Civ.St., barred recovery. Too, as a bar to recovery appellee pled the period of limitation prescribed by Article 5526, V.A.T.S.

Appellee's motion for summary judgment pled also as a bar Section 5 of Article 8306. To the motion he attached a certified copy of appellants' petition seeking recovery from Aetna of workmen's compensation, the compromise judgment in that case and the receipt acknowledging payment of the compensation. An affidavit of appellee shows that he was president of Maxim's, Inc. and was also general manager of the club and restaurant operated by the corporation. His duties at the time of the incident of March 9, 1963, and also at the time of the affidavit on March 4, 1966, included the supervision of, preparation and serving of food and beverages in the restaurant and private club. He was paid a salary for the performance of these duties and there were withheld by the employer payments for income and social security taxes. The affidavit also shows the incident of March 9, 1963 occurred while both Mrs. Heibel and appellee were engaged in the performance of their respective duties as fellow employees.

Appellant, Mrs. Heibel, in opposition to the motion, filed her affidavit asserting the blow was intentionally struck by appellee. She also disclaimed ever having asserted that the striking of the blow was accidental.

█ We are of the view that appellants, by proceeding to claim and collect benefits provided under the workmen's compensation policy of insurance provided by the employer, as above established, are as a matter of law precluded from maintaining an action at common law for damages, either actual or punitive, against a fellow employee.

The same contentions made by appellants here were made by an injured employee in the case of Jones v. Jeffreys, 244 S.W.2d 924 (CCA), writ ref. The Court of Civil Appeals there held the injured employee by electing to receive the benefits of workmen's compensation was precluded on the grounds of estoppel and res adjudicata from recovering damages based on a suit under the common law. Article 8306, Section 3, was held not to violate Article I, Sec. 13, because of the elective nature of the Workmen's Compensation Act. Too, it held that under Article 8306, Sec. 5, V.A.T.S., and Article 16, Section 26, Constitution of Texas, exemplary damages were preserved only in case of the death of an employee in favor of named survivors. By the action of the Supreme Court in refusing a writ of error, the holding of the Court of Civil Appeals and the reasons stated for the holdings were given full approval.

While in Jones the suit was against the employer who was one of the partners and here the suit is against a fellow employee, we are unable to conclude this makes any material difference. Article 8306, Section 3, provides: "The employees of a subscriber * * * shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries * * * but such employees * * * shall look for compensation solely to the association * * *"

Our holding makes it unnecessary to discuss whether appellants' asserted cause of action is barred by the provisions of Article 5526.

The trial court's judgment dismissed the suit. The defenses established as a matter of law were ones in bar of recovery and the case was disposed of on motion for summary judgment and not exception. The judgment should have been one that plaintiffs take nothing. The judgment will, therefore, be reformed so as to provide that Plaintiffs take nothing by their suit.

As reformed, the judgment of the Trial Court is affirmed.