**Willard Ewell STANDRIDGE, Appellant,**

v.

**WARRIOR CONSTRUCTORS, INC., Appellee.**

No. 75.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 28, 1968.

Jim Brannon, D. L. McClure, Houston, for appellant.

Blake Tartt, Thomas P. Sartwelle, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

SAM D. JOHNSON, Justice.

Appellant, Willard Ewell Standridge, was injured while working in Houston on July 29, 1964, and he instituted this suit for common-law damages against appellee, Warrior Constructors, Inc.

Prior to filing the instant suit and after his injury, appellant filed a workmen's compensation lawsuit against two insurance companies, the Travelers Insurance Company and Fidelity and Casualty Company of New York. In the workmen's compensation suit appellant alleged that he was employed by Austin Equipment Rental *and/or* Warrior Constructors. In that prior compensation action, an agreed judgment was entered discharging both insurance companies as to injuries sustained by appellant while in the employ of Austin Equipment *and/or* Warrior Constructors. Under the trial court's judgment in that prior suit, the Travelers Insurance Company paid $6,750.00, and Fidelity and Casualty Company of New York paid $250.00 to the plaintiff, who is appellant here. Thereafter, appellant executed a release to both insurance companies which, in three separate places, referred to injuries sustained by appellant while in the employ of Austin Equipment Rental *and/or* Warrior Constructors.

In the present case, appellee filed a motion for summary judgment attaching as exhibits the petition, judgment and release in the prior compensation case, and asserting that appellant was thereby precluded from recovery in this action. The trial court granted the motion and entered a summary judgment for appellee, Warrior Constructors; and appellant appeals from this action.

■ The appellant's response to the motion for summary judgment was an "affidavit" which stated that he was employed by Austin Equipment Rental and not by appellee, Warrior Constructors. This instrument was not sworn to and could not be considered by the trial court, however. Rule 166-A, Texas Rules of Civil Procedure; Art. 23, Sec. 18, Vernon's Ann.Tex.Rev. Civ.Stat.; State v. LeBlanc, Inc., Tex.Civ. App., 399 S.W.2d 919, no writ hist.

Appellant contends that neither the pleadings, the judgment, nor the release in the prior workmen's compensation case establish which of the two possible named employers actually was appellant's employer. Further, that the mere payment to appellant of money by the two insurance companies does not foreclose his right to sue a negligent third party for damages arising out of his injuries. Appellant further urges that even if it be conceded that appellee's workmen's compensation insurance carrier did in fact pay a part of the agreed judgment in the prior workmen's compensation case, that fact will not establish a complete defense to the present action for the reason that appellant was never adjudged to be an employee of appellee. Appellant contends that the record of the prior compensation case simply left the matter of who his employer was unresolved because of the deliberate usage of "and/or" whenever reference was made to it.

The essential question is then presented as to whether or not the record, containing the petition, judgment and release of the prior workmen's compensation action precludes appellant from recovery in the instant case. We believe that it does.

It is conceded that the appellant's prior suit for workmen's compensation benefits arose out of the same accident made the basis of this suit. It was filed against the Travelers Insurance Company and the Fidelity and Casualty Company of New York, the workmen's compensation carriers (he alleges) for Austin Equipment Rental and/or Warrior Constructors. It is noted that the appellant in his prior petition made the initial selection of the conjunctive-disjunctive "and/or" terminology. In the prior judgment, appellant received workmen's compensation benefits from both of the named compensation carriers. In the release, signed by both the appellant and his attorney, both compensation carriers were released from liability for all claims and causes of action arising out of the accident made the basis of the action in the case at bar.

Appellant now alleges in the case at bar that at the time of the accident, he was an employee of Austin Equipment Rental and was injured by the negligence of Warrior Constructor's agents, servants or employees, and is therefore entitled to common-law damages against appellee.

If appellant was employed by Warrior and if appellant had collected workmen's compensation benefits from the compensation carrier for Warrior, this case will be controlled by Vernon's Ann.Texas Revised Civil Stats., Art. 8306, Sec. 3 (1967), which provides, "The employees of a subscriber * * * shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries * * * but such employees * * * shall look for compensation solely to the association, as the same is hereinafter provided for."

■ If Warrior was appellant's employer, or one of his employers, the acceptance of workmen's compensation benefits from

the workmen's compensation carrier of Warrior would preclude him, as a matter of law, from maintaining an action at common law for damages against such employer. Heibel v. Bermann, 407 S.W.2d 945 (Tex.Civ.App., Houston, 1966, no writ); Bell v. Humble Oil & Refining Co., 142 Tex. 645, 181 S.W.2d 569; LeJeune v. Gulf States Utilities Co., Tex.Civ.App., 410 S.W.2d 44 (writ ref., n. r. e.); Jones v. Jeffreys, Tex.Civ.App., 244 S.W.2d 924, writ ref.

■ Was Warrior appellant's employer? If so, what is there in the prior record that established this fact? We believe that appellant's own petition in the prior compensation suit identifies his employers, one of whom is the appellee here, Warrior Constructors. In his prior petition, appellant alleges that he was employed by Austin Equipment Rental *"and/or"* Warrior Constructors. He then significantly states, "Prior to the above stated date (of injury), the defendant insurance corporations, the Travelers Insurance Company and the Fidelity and Casualty Company of New York, issued to plaintiff's *employers,* policies of workmen's compensation insurance and received premiums for those policies." (Emphasis added).

Appellant claimed plural *employers.* Appellant then names these employers, using the conjunctive-disjunctive, as Austin Equipment Rental *and/or* the appellee, Warrior Constructors. Appellant's prior petition claims *employers,* identifying them as *both* Austin Equipment *and* appellee, Warrior. The quoted language of appellant's petition then establishes that the two compensation carriers issued to each of the two *employers* policies of compensation insurance. Both of these carriers paid compensation benefits to appellant pursuant to the judgment, one as the carrier for appellee and one as the carrier for Austin Equipment Rental. As both have paid and as both have been released, it is unimportant which carrier paid on behalf of which employer. The appellant is precluded in the present action for common-law damages

against one of his employers, the appellee, Warrior, from whose compensation carrier he has already collected.

Appellant, under his second point of error, asserts that although appellee's compensation carrier might have paid compensation pursuant to the agreed judgment in the prior case, a defense to the present suit is not thereby established. Appellant argues that he was never *adjudged* to be an employee of appellee. He further asserts that the prior case left the matter open because of the "deliberate usage of the '*and/or*' language whenever reference was made to the appellant's employer." This argument of the appellant is likewise answered by the record, including appellant's own petition in the prior compensation action, in which he claimed and identified dual employers, one of whom was appellee, Warrior.

■ The Texas Supreme Court, in 1965, summarily stated the law governing our Texas Motion for Summary Judgment practices, pursuant to Texas Rules of Civil Procedure, 166A. In the case of Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., Tex., 391 S.W.2d 41, the court said: "The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Tigner v. First Nat. Bank, 153 Tex. 69, 264 S.W.2d 85 (1954); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.Sup.1963); Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954). * * *"

Applying this test, we believe the case at bar presents a situation where a motion for summary judgment is particularly appropriate, that is, an instance where the other party's own actions and authorship provide the conclusive proof required.

The judgment of the trial court is affirmed.