**ST. PAUL INSURANCE COMPANY,**
Appellant,

v.

**Gordon E. VAN HOOK, Appellee.**

No. 7795.

Court of Civil Appeals of Texas,
Beaumont.

Feb. 5, 1976.

James R. Lee, Beaumont, for appellant.

Thomas J. Swearingen, Port Arthur, for appellee.

DIES, Chief Justice.

This is a workmen's compensation case in which a jury found plaintiff below injured in the course of his employment and awarded him $563 (as dental expenses). From the judgment which followed, the carrier brings this appeal. Its sole point is: "The County Court erred in overruling the Appellant's [carrier's] Motion For Instructed Verdict in that there was no evidence presented and in the alternative, insufficient evidence was presented by the Appellee that he was injured in the course of his employment."

A point of error so framed is a "no evidence" point only. The only question we may decide under this point is whether there is in the record evidence of probative force that plaintiff was injured in the course of his employment. And in deciding this question we must consider the evidence in its most favorable light to plaintiff below. *Anderson v. Moore*, 448 S.W.2d 105 (Tex.1969); *Dunagan v. Bushey*, 152 Tex.

630, 263 S.W.2d 148, 153 (1953); *McKethan v. McKethan*, 477 S.W.2d 357, 358 (Tex.Civ. App.—Corpus Christi 1972, writ ref'd n. r. e.).

Plaintiff, a seventeen year old high school student, was a part time janitor for the Y.M.C.A. The Y.M.C.A. had leased part of the old Central High School at Nederland. His supervisor was Tom Brown who had told him if he saw vandals breaking windows to "stop them when I saw it." On February 13, 1974, he was cleaning up in the parking lot "on the other side of the gym when he saw about fifteen younger boys and three or four older boys heaving rocks through the windows.

He told them to stop; they resented it, and one of the older boys invited plaintiff to fight. At this point some older men from a boxing club which used another part of the school came up and suggested they (plaintiff and the older boy) put on the gloves to settle the dispute. Plaintiff went back to the Y.M.C.A. office to deposit his paper stick, then up to the ring where, after three rounds, he had two broken teeth.

His supervisor admitted "[h]e [plaintiff] was asked to try to eliminate it [vandalism] or keep people from vandalizing the building."

Appellant stresses that the rock throwers were taking aim on parts of the school not leased by the Y.M.C.A., but Brown said he told plaintiff to protect the total facility. "We were trying to protect the entire school."

One other fact perhaps should be stated. Apparently the rock throwers were members of the boxing club and known by the adults who suggested the fight.

■ Of course, to be compensable, an injury must be sustained in the course of employment and originate in the work of the employer. Tex.Rev.Civ.Stat. Ann. art. 8306, § 3b (1967); Tex.Rev.Civ.Stat.Ann. art. 8309, § 1 (1967). But this is a question determined by the facts of each particular case. *Jones v. Casualty Reciprocal Exch.*,

250 S.W. 1073 (Tex.Civ.App.—Texarkana 1923, writ ref'd); *Millers' Indemnity Underwriters v. Heller*, 253 S.W. 853 (Tex.Civ. App.—Austin 1923, writ ref'd); *Oefinger v. Texas Employers' Ins. Ass'n*, 243 S.W.2d 469 (Tex.Civ.App.—Fort Worth 1951, writ ref'd); *Employers' Liability Assur. Corporation v. Light*, 275 S.W. 685 (Tex.Civ.App.—Austin 1925, writ ref'd). The injury must have been so intimately related to the course of employment as to be a part of it. *Loyd v. Texas Employers Insurance Association*, 280 S.W.2d 955 (Tex.Civ.App.—Texarkana 1955, writ ref'd).

■ And if employee is injured while following the instructions of his employer, it is in the course and scope of his employment, even though at time of injury he is not performing his usual tasks. *Texas General Indemnity Company v. Luce*, 491 S.W.2d 767 (Tex.Civ.App.—Beaumont 1973, writ ref'd n. r. e.). The place of the occurrence of the injury is important only as it throws light on whether what the employee was doing was in or about the furtherance of employer's affairs. See 62 Tex.Jur.2d § 77 at 639 (1965).

■ There is certainly no question here but that the plaintiff was trying to follow his employer's instructions. He might have chosen wiser means (such as phoning the police), but a seventeen year old boy is calculated to be influenced by the suggestion of adults to settle the dispute in the ring. Had the fight and injury occurred on the parking lot, there is little question of its compensability. To cut it off when they moved into the boxing ring would, we think, be unreasonable and contrary to previous commitments to construe the Act liberally, to give effect to its purpose—the protection of employees. See *Employers Mut. Liability Ins. Co. v. Konvicka*, 197 F.2d 691 (5th Cir. 1952).

The jury was justified in believing the challenge to fight and the ensuing boxing match was directed against plaintiff as an employee or because of his employment. The evidence is sufficient to show a causal

connection between plaintiff's employment and his injuries. *Aetna Casualty & Surety Company v. England*, 212 S.W.2d 964 (Tex. Civ.App.—Beaumont 1948, no writ). See also, *Phoenix Insurance Company v. Bradley*, 415 S.W.2d 928 (Tex.Civ.App.—Texarkana 1967, no writ).

This point is overruled. The judgment of the trial court is affirmed.