Clester R. MOORE, Appellant,

v.

Hugh Bevil MEANS, Appellee.

No. 7925.

Court of Civil Appeals of Texas.

March 3, 1977.

Rehearing Denied April 7, 1977.

**418**

Benton Musslewhite, Houston, for appellant.

Robert Q. Keith, Beaumont, for appellee.

DIES, Chief Justice.

Clester R. Moore, plaintiff below, was administrative assistant to the county judge of Hardin County. He was also publisher of a weekly newspaper "The Kountze News". On April 25, 1975, a meeting was called to discuss the county's plans for the collection and disposal of garbage. The defendant below Hugh Bevil Means, a county commissioner, and Moore were present at the meeting.

On Thursday, April 24, plaintiff Moore had published a story in "The Kountze News" dealing with garbage "kickbacks" which Commissioner Means considered insulting. At the meeting Commissioner Means assaulted plaintiff Moore.

Hardin County is a subscriber to workmen's compensation insurance, and plaintiff Moore filed a claim, as an employee of Hardin County, with the Industrial Accident Board, and received benefits. Thereafter, plaintiff Moore sued Means for personal damages. Means filed a Motion for Summary Judgment which the trial court granted and from which plaintiff below, Moore, perfects this appeal.

The parties will be referred to herein as they were below, or by name.

The mere fact that an employee is injured by another employee while at work for his employer does not in and of itself make the injury compensable. *Liberty Mutual Insurance Co. v. Hopkins*, 422 S.W.2d 203 (Tex.Civ.App.—Beaumont 1967, nre).

To be compensable, an injury must be sustained in the course of employment and originate in the work of the employer. *Tex.Rev.Civ.Stat.Ann.* art. 8306 § 3b (1967); *Tex.Rev.Civ.Stat.Ann.* art. 8309 § 1 (1967). *St. Paul Ins. Co. v. Van Hook*, 533 S.W.2d 472, 474 (Tex.Civ.App.—Beaumont 1976, no writ). Where an assault is directed at an employee for reasons personal to him and does not arise out of his employment, the employee cannot recover compensation benefits. *Tex.Rev.Civ.Stat.Ann.* art 8309 § 1(2); *Standridge v. Warrior Constructors, Inc.*, 425 S.W.2d 472, 474–475 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ); *Highlands Underwriters Insurance Co. v. McGrath*, 485 S.W.2d 593, 595 (Tex.Civ.App.—El Paso 1972, no writ). See also *Commercial Ins. Co. v. Austin*, 128 S.W.2d 836, 837 (Tex.Civ.App.—Beaumont 1939, writ dism'd jdgmt cor.).

So it is clear that when plaintiff Moore sought and accepted workmen's compensation, he was required to take and took the position that his injury was in the course of his employment with the county and originated in his work with the county.

Now, in this suit against defendant Means, plaintiff asserts that "an employee is not barred from suing a fellow employee in common law damages, even though the suing employee has accepted compensation benefits, unless the employee being sued was acting in the course and scope of his employment at the time he committed the acts which give rise to the third party action." It is plaintiff's position in the instant suit that defendant was not acting in the course of his employment at the time of the assault, or—at least—that a fact issue exists as to whether or not he was so acting. Moore testified by deposition that he was in the course of employment at the time of injury.

The function of the Industrial Accident Board is quasi-judicial; its award is entitled to the same faith and credit as the judgment of a court; and it is not subject to collateral attack. See *63 Tex.Jur.2d Workmen's Compensation § 324, p. 301, 302 (1965). Keller v. Texas Employers' Ins.*

*Ass'n,* 279 S.W. 1113, 1115 (Tex.Civ.App.—Beaumont 1926, no writ); *Texas Employers' Ins. Ass'n v. Morgan,* 295 S.W. 588 (Tex.Com.App. 1927, jdmt adopted; *Vestal v. Texas Employers' Ins. Ass'n,* 285 S.W. 1041, 1044 (Tex.Com.App.1926, jdgmt adopted); *Estes v. Hartford Accident & Indemnity Co.,* 46 S.W.2d 413, 416 (Tex.Civ. App.—El Paso 1932, writ ref'd); *Security Union Casualty Co. v. Peer Oil Corporation,* 1 S.W.2d 1109, 1111 (Tex.Civ.App.—Beaumont 1927, no writ); *Ocean Accident & Guarantee Corporation v. Pruitt,* 58 S.W.2d 41, 45 (Tex.Com.App. 1933). Moreover, where one takes one position in a judicial proceeding, he cannot later take a plainly inconsistent position in another proceeding. See 22 *Tex.Jur.2d Estoppel § 17, p. 685 (1961),* and authorities therein cited.

■ *Heibel v. Bermann,* 407 S.W.2d 945 (Tex.Civ.App.—Houston 1966, no writ) is a case in point. Plaintiff and defendant were both employees of Maxim's Restaurant, and plaintiff brought suit because of an intentional injury inflicted on her by the defendant while plaintiff was in the course and scope of her employment at Maxim's. ·Citing *Tex.Rev.Civ.Stat.Ann. 8306 § 3 \*,* the court in *Heibel, supra,* said:

"We are of the view that appellants, by proceeding to claim and collect benefits provided under workmen's compensation policy of insurance provided by the employer, as above established, are as a matter of law precluded from maintaining an action at common law for damages . . against a fellow employee." (407 S.W.2d at 946)

See also *Jones v. Jeffreys,* 244 S.W.2d 924, 926 (Tex.Civ.App.—Dallas 1951, writ ref'd).

Plaintiff Moore contends that *McKelvy v. Barber,* 381 S.W.2d 59 (Tex.1964) stands for the proposition that the employee is not barred from suing a fellow employee in common law for damages by accepting compensation benefits unless the employee being sued was acting in the course and scope of his employment at the time he committed the acts.

In the *McKelvy* case plaintiff injured his finger in the course of his employment and was taken by the personnel director to the office of the company doctor who treated the injury. After settling with his employer's carrier, the employee developed tetanus and thereafter sued the doctor for negligent medical treatment. The trial court directed a verdict for the doctor. On appeal, our Supreme Court, while discussing *art. 8306 § 3 (1967)* stated:

"There is no presumption . . . of a master and servant relationship where the proof merely shows that an ordinary employer or insurance company has arranged for a doctor to treat another person." (381 S.W.2d 63)

The facts of our case are different. Unlike the plaintiff in *McKelvy,* plaintiff Moore, in order to receive workmen's compensation, was required to take the position that the assault upon him by his fellow employee Means was committed in the course of employment and in fact originated in the work of the employer (Hardin County). Unlike the plaintiff in *McKelvy,* however, plaintiff here now takes the completely opposite position. The authorities we cite above, we think, do not permit him to do this. Appellant's points are overruled.

The order of the trial court in granting the summary judgment is AFFIRMED.

STEPHENSON, Justice, dissents.

I respectfully dissent. I would reverse and remand this case for a trial on its merits.

The District Court could grant defendant's motion for summary judgment only after finding as a matter of law that defendant was acting in the course and scope of his employment with Hardin County. The deposition testimony shows clearly, or, at least, raises a question of fact as to

\* "The employees of a subscriber . . . shall have no right of action against their employer or against any agent, servant, or employee of said employer for damages for personal injuries, . . . but such employees . . . shall look for compensation solely to the association."

defendant's course and scope of employment at the time of this attack.

*Tex.Rev.Civ.Stat.Ann. art. 8306 § 3 (1967),* provides that an employee has no right of action against a fellow employee for damages for personal injuries. However, for that statutory provision to have application, the proof would have to show the person inflicting the injury was acting in the course and scope of his employment at the time. See *McKelvy v. Barber,* 381 S.W.2d 59 (Tex.1964); and *Ward v. Wright,* 490 S.W.2d 223 (Tex.Civ.App.—Fort Worth 1973, no writ).

In the compensation case the claimant had the burden of proving that he, the plaintiff (not the defendant in the case before us), was injured while acting in the course and scope of his employment. Under *Tex.Rev.Civ.Stat.Ann. art. 8306 § 1(2) (1967),* he had to prove the third person (defendant) was motivated to injure plaintiff because of something connected with plaintiff's employment. However, proving defendant's motive in the compensation case and defendant's course of employment in the damage suit are two separate and distinct issues.

The certified copy of the Industrial Accident Board file is a part of our record and *does not* show defendant's reason for assaulting plaintiff. Such record also *does not* show defendant was acting in the course of his employment at the time of this assault.

Plaintiff should be given his day in court to establish, if he can that defendant was not acting in the course of his employment with Hardin County, at the time of this assault.